GRAY & GILMORE

v.

GEORGE M. AND HARRY REED.

General Term, 1892.

*Award.   Refusal to permit performance of one item does not excuse non-performance of rest.   Damages.*

1.   An award provided that the defendant should pay the costs of arbitration, should put in a cylinder for the plaintiffs, should pay plaintiffs $219.27 within one year and return the plaintiff certain small saws, and that thereupon the plaintiffs should deliver to the defendants certain old iron and a shingle machine.   The defendants forthwith paid the costs and attempted to put in the cylinder, but were unreasonably prevented from doing so by the plaintiffs. *Held*, That this would not excuse the defendants from the performance of the other items in the award according to its terms.

2.  The award did not vest the title to the iron and shingle machine in the defendants, and the plaintiffs might, upon the neglect of the defendants to perform, appropriate these articles to their own use without impairing their right to maintain an action upon the award.

3.  But in that event they would be entitled to recover as damages not the whole value of the things which the defendants had neglected to perform, but the difference between the value of those things and the value of the old iron and shingle machine.

Assumpsit upon an award. Plea, the general issue with notice of special matter. Trial by jury at the February term, 1892, Orleans county, START, J., presiding. Verdict and judgment for the plaintiffs. The defendants except.

The award provided that the defendants should pay the costs of arbitration, should put in a new cylinder of a certain capacity, should pay to the plaintiffs the sum of $219.27 within one year from date with interest from the date of the award, and should return to the plaintiffs certain small saws received from them, and that when so done the plaintiffs should deliver certain old iron and a certain shingle machine, which the plaintiffs in the meantime were to store without using.

The execution and publication of the award was conceded. In the opening the plaintiffs showed that a portion of the costs had never been paid; that the $219.27 had not been paid; that the small saws mentioned had not been returned, and that the cylinder had not been put in, and gave evidence tending to show the cost of putting in a new cylinder like the one called for by the award, and the value of the small saws.

The evidence of the defendants tended to show that immediately after the publication of the award they had paid to the arbitrators their fees, which they supposed were the full costs of arbitration, that they forthwith wrote the plaintiffs in reference to the style of cylinder which was to be

put in, and within a short time went to the mill of the plaintiffs for the purpose of taking out the old cylinder and replacing it with a new one; that the plaintiffs forbade them to remove the old cylinder from the mill; that they were unable to construct the new cylinder without removing the old one and taking it to their shop, and that thereby the plaintiffs had unreasonably prevented them from performing this item in the award.

The evidence in the case further tended to show that after the expiration of the year the plaintiffs had sold the old iron, or a portion of it, to other parties, and had used the shingle machine.

Upon these facts the defendants contended that if, while they were proceeding in good faith to put in the cylinder in accordance with the award, they were unreasonably prevented by the plaintiffs from doing so, they might treat the award as rescinded by the plaintiffs, and were thereby excused from any further performance under it, and requested the court to so instruct the jury. This the court declined to do, and instructed the jury that if the plaintiffs unreasonably prevented the defendants from putting in the new cylinder, that would excuse the defendants from the performance of that particular item, but would not excuse them from the performance of the other items mentioned in the award. To this ruling of the court the defendants excepted.

The defendants also claimed that if, before the bringing of this suit, the plaintiffs had disposed of the old iron, or used the shingle machine, they would for that reason be prevented from maintaining an action upon the award, since they had thereby put it out of their power to perform upon their part, and requested the court to so instruct the jury. This the court declined to do, and instructed the jury that upon the conceded facts in the case the plaintiffs were entitled to recover the $219.27 with interest, the value of the small saws, and the amount of the unpaid costs of the arbi-

tration, and directed the jury to return a verdict for these amounts. To this action of the court the defendants excepted.

Under the above instruction of the court the jury returned a verdict for the plaintiffs in the sum of $314.70. They also returned certain special verdicts by which they found that the plaintiffs did unreasonably prevent the defendants from putting in the new cylinder, and that the value of the old iron and shingle machine was $226.62.

The defendants contended that inasmuch as the plaintiffs had appropriated the old iron and the shingle machine to their own use, they were only entitled to recover in this suit, if anything, the difference between $314.70 and the $226.62. The court, however, gave judgment for the plaintiffs in the sum of $314.70 with costs, to which the defendants excepted.

*C. A. Prouty* for the defendants.

The submission and award constitute a contract between these parties, and the case stands exactly as though the defendants had promised the plaintiffs to put in the cylinder, to pay the $219.27, to pay the costs of arbitration, and to return the small saws, provided the plaintiffs would thereupon deliver to them the old iron and the shingle machine. Morse Arb. 3, 578, 582, 583 ; *Girdler* v. *Carter*, 47 N. H. 305.

If an award provides that the things to be done by one party shall be interdependent upon the things to be done by the other party, it thereby becomes an entirety, and must be construed like an entire contract. Morse Arb. 556 ; *Shearer* v. *Handy*, 22 Pick. 417 ; *Pomeroy* v. *Gold*, 2 Met. 500.

This being so, when the plaintiffs prevented the defendants from carrying out an essential integral part of this contract or award, they gave the defendants the right to treat

the whole award as at an end.   *Camp* v. *Barker*, 21 Vt.
469; Bish. Cont., § 1,431 ; 2 Par. Cont., 675 *et seq.*

If the plaintiffs are entitled to recover at all, it is not for
the full value of the things to be done by the defendants,
but for the difference in value between those things and the
things to be done by the plaintiffs.   *Hunter* v. *Rice*, 15
East 100 ; Morse Arb., 509.

*Dickerman & Young* for the plaintiffs.

This award was not entire, but made up of separate and
distinct items, and when an award is of this nature it may
be good as to one item and bad as to the rest.   Cald. Arb.,
321; 275, 276 and note; *Rixford* v. *Nye et al.*, 20 Vt.
132–137; *Peters* v. *Pierce*, 8 Mass. 399; *Barrows* v.
*Capen*, 11 Cush. 38; *Harrington* v. *Brown*, 91 Mass.
579; *Hartland* v. *Henry*, 44 Vt. 593 ; *Giddings* v. *Hada-
way*, 28 Vt. 342–345 ; *Dalrymple* v. *Whitingham*, 26 Vt.
345 ; *Tracy* v. *Herrick*, 25 N. H. 381–401 ; 1 Am. & Eng.
Enc. of Law, 710.

A party must perform those parts of the award which are
valid.   Cald. Arb., 322, 323; *Alder* v. *Savill et al.*, 5
Taunt. 454.

The fact that the plaintiffs sold a part of the old iron, or
used the shingle machine, is immaterial.   Performance
upon their part or a readiness to perform is not a condition
of their right to recover against the defendants.   Cald.
Arb., 321 and cases cited; *Nichols* v. *Rensselaer Mut. Ins.
Co.*, 22 Wend. 125 ; 2 Chit. Pl., 243, note s; 2 Saund.
Rept., 62a, note s; *Loring* v. *Whittemore*, 13 Gray 228;
*Pickering* v. *Pickering*, 19 N. H. 389–393 ; *Schoff* v.
*Bloomfield*, 8 Vt. 472–479.

. The defendants cannot offset in this suit the things to be
done by the plaintiffs.   *Varney* v. *Brewster*, 14 N. H.
49–54.

The award vested the title to the old iron and shingle machine in the defendants. *Girder* v. *Carter*, 47 N. H. 305–307, and cases cited; *Loring* v. *Whittemore*, 13 Gray 233.

The opinion of the court was delivered by

THOMPSON, J. None of the things, which by the terms of the award the defendants were required to do, was interdependent upon the others, but each was independent of the other in kind and in time of performance. The fact that the plaintiffs prevented the defendants from putting the cylinder into the engine excused them from the performance of that part of the award, and the parties then stood to each other under the award as they would if the defendants had in fact put in the cylinder. The defendants were still bound to perform the residue of the award on their part. The court below, therefore, properly refused to charge the jury, that by being prevented from putting in the cylinder by the plaintiffs the defendants were excused from further performance on their part. Neither was there error in over-ruling the defendants' motion for a judgment for them on the verdicts on the same ground.

Under the award the plaintiffs were not required to do anything until the defendants had done that which in law amounted to a full performance on their part.

A submission and award are in the nature of a contract. If *in pais* and not statutory, and sometimes, also, when they are statutory, the only remedy or means of enforcement is by a proceeding, either in law or in equity, instituted upon them as upon any other private contract. Morse on Arb., 576. Upon the neglect or refusal of the defendants to perform the award in whole or in part, the plaintiffs had the right to treat the contract as at an end, and to use or dispose of the old iron and shingle machine. Therefore, the

evidence was immaterial which tended to prove that subsequent to the commencement of this suit the plaintiffs used the shingle machine and disposed of some of the old iron, which by the terms of the award they were to deliver to the defendants upon performance upon their part, and it was not error for the court below to refuse to instruct the jury that if they found as this evidence tended to prove, the plaintiffs could not recover.

The plaintiffs did not bring an action for a specific performance of the award by the defendants. They elected to recover such money damages as had accrued to them by reason of the non-performance of the contract or award by the defendants. In consideration of performance by them, the plaintiffs were to deliver to them the old iron and the shingle machine. The award did not vest the title to either the iron or the shingle machine in the defendants, but it remained in the plaintiffs. Morse on Arb., 509 ; *Hunter* v. *Rice*, 15 East 100. The plaintiffs are entitled to recover the damages accruing to them by reason of non-performance by the defendants, which is the difference between the value of the things which the defendants had not performed, and the value of the iron and shingle machine which the plaintiffs were to deliver upon performance by defendants. The jury, by their general and special verdicts, have found plaintiffs' damages on this basis to be the difference between $314.70 and $226.62, which is $88.08. There was error in rendering judgment for the plaintiffs for the amount of the general verdict.

*Judgment reversed, and judgment for the plaintiffs to recover $88.08 damages and interest and costs below, from which is to be deducted defendants' costs in this court.*