McCormack v. Lynch.

CHARLES B. McCORMACK, Respondent, v. JOHN A. LYNCH, Appellant.

St. Louis Court of Appeals, March 9, 1897.

1. **Contract:** MISTAKE, ADMISSIBILITY OF EVIDENCE OF. Where plaintiff requested defendant to bid on part of the work for the construction of a building on a certain street, referring him to the plans and specifications, which defendant examined, and then delivered to plaintiff a written bid, which plaintiff accepted before it was withdrawn, the contract was complete and binding on defendant to do the work wherever on such street the building might be located; and the testimony of the defendant that he was mistaken, as to the location, in making his bid, was not admissible.

2. ———: DAMAGES: INTEREST. Where the amount of plaintiff's recovery was fixed, the court did not err in directing interest to be added to the amount.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED.

*B. Schnurmacher* for appellant.

Where the language of a contract is ambiguous, indefinite, and uncertain, the court in order to ascer-

tain the meaning of the parties may look to proof *aliunde. Dentmann v. Kilpatrick*, 46 Mo. App. 624; *Crawford v. Elliott*, 78 Mo. 487.

To constitute a binding contract the minds of the parties must meet. Bish. on Con., sec. 186; Metc. on Con., p. 30; *Robinson v. Estes*, 53 Mo. App. 582.

The judgment is excessive, being for the amount allowed with interest, which is only allowed where authorized by statute. 11 Am. and Eng. Encyclopedia "Interest," 379. See, also, *Wiggins Ferry Co. v. R. R.*, 27 S. W. Rep. (Mo.) 568.

*Percy Werner* and *Garland Pollard* for respondent.

The meeting of minds, essential to the formation of a contract, is not determined by the secret intention of the parties, but by their expressed intentions. *Brewington v. Mesker*, 51 Mo. App. 348; *Machine Co. v. Criswell*, 58 *Id.* 471; Bish. on Con., sec. 317; Metc. on Con. [2 Ed.], p. 16.

The description in the specifications of the building to be erected on "Talmage avenue and Missouri Pacific Railway" would be sufficiently definite to convey land by deed. *Means v. La Vergne*, 50 Mo. 343; *Charles v. Patch*, 87 *Id.* 450, 467.

Interest is allowable on all moneys after they become due on written contracts. R. S. 1889, sec. 5972; *Fields v. Baum*, 35 Mo. App. 511.

If the court had erred in allowing interest, the error could be cured by a *remittitur* in this court. *Kimes v. R'y*, 85 Mo. 611.

BIGGS, J.—The plaintiff is a builder and the defendant is a contractor of excavation work. On the fourteenth day of June, 1895, the plaintiff was awarded the contract for the construction of a building on the west side of Talmage avenue, where it intersects the

right of way of the Missouri Pacific Railroad. Preparatory to making his bid, he asked the defendant to make him a bid on the grading and excavation work, stating to him that the plans and specifications for the building were in the possession of F. C. Bonsack, an architect. On June 5, 1895, the defendant submitted the following bid:

"*C. B. McCormack*,

"DEAR SIR:—I will grade the lot and excavate the trenches and pier holes for foundry on Talmage avenue for the sum of three hundred and twelve dollars.

"Respectfully,     JOHN A. LYNCH."

When plaintiff was notified that the contract had been awarded to him, he immediately notified the defendant that his bid was accepted, and requested the latter to begin work immediately. On the next day they met on the ground for the purpose of locating definitely the work, when the defendant declined to do the work on the ground that in making his estimate of the cost of the grading and excavation he supposed that the building was to be erected on the lot on the east side of Talmage avenue, which required much less grading than the lot on the west side, and that on account of this alleged mistake he was not bound by his proposal. The plaintiff let the work to another contractor for $825. The plaintiff brought this action against the defendant, claiming as damages the difference between defendant's bid and the amount he had to pay to have the work done, and also damages for a delay of two days, making a total of $527. The answer is a general denial. The cause was submitted to the court without the intervention of a jury, and judgment was entered for $533. The defendant has appealed and complains of the instructions and also that the judgment is excessive.

The evidence for the plaintiff tended to prove the

foregoing facts concerning the bid, its acceptance by plaintiff, the refusal of the defendant to do the work, and the subsequent reletting at a reasonable price.

Against the objections of plaintiff the circuit court permitted the defendant to introduce evidence tending to prove that preparatory to making the bid he examined the plans and was unable to determine from them the exact location of the proposed building; that he went to Talmage avenue where it intersects the track of the Missouri Pacific Railroad, and that from the best information he had he located the building site on a lot on the east side of the avenue; that the surface of that lot corresponded with the floor level of the proposed building above the railroad track as shown by the plans, and that believing that lot to be the true location he made his estimate on it instead of the lot on the west side of the avenue. His evidence also tended to prove that the lot on the west side of the avenue was much above the required grade; that the excavated dirt would have to be hauled a long distance, and that the amount bid by him was much less than the actual cost of the work.

In rebuttal of his evidence the plaintiff testified that he did nothing to mislead the defendant as to the location of the building; that at the time he accepted the bid he was not aware that the defendant was laboring under the alleged mistake; that he saw the site of the building for the first time when he and defendant went there together for the purpose of locating it; that previous thereto he knew nothing about the lot, and that it was not necessary that he should know, as in making his bid for the entire work he based his estimate of the cost of the excavation on the defendant's bid.

The theory of the plaintiff's instructions which were given, is that if the defendant made the bid and it was accepted by plaintiff before it was withdrawn

and the defendant notified, then the contract became complete and binding on the defendant to do the work wherever required, although the defendant in making his estimate may have been mistaken as to the lot upon which the building was to be erected. On the other hand the instructions asked by the defendant, and refused by the court, proceed upon the idea that if the defendant was mistaken as to the subject-matter of the contract, then there was no contract.

By the terms of the written bid the defendant agreed to do the work "for foundry on Talmage avenue," that is, he obligated himself to

CONTRACT: mistake, admissibility of evidence of.

do the excavation work for the foundry building on Talmage avenue *wherever the building site might be located.* This is the only possible construction of the written bid, and a court of law can only enforce it according to its terms. Therefore under the pleadings the defendant's evidence, that he was mistaken in making his bid, was not admissible. This evidence did not tend to show, as counsel argues, that the minds of the parties did not meet as. to the subject-matter of the contract, and hence there was no contract. The plaintiff was seeking the contract for the construction of a building for a foundry to be erected on Talmage avenue adjacent to the right of way of the Missouri Pacific Railroad. He asked the defendant to make a bid on part of the work and informed him that the plans and specifications were in the hands of a certain architect. The defendant replied that he had examined the plans. He then prepared and delivered to the plaintiff the written bid. Upon what reasonable ground can it be said that the minds of the parties did not meet? Under the circumstances of the case the legal purport of the written bid was that the defendant agreed to dig the trenches and pier holes for the foundry building wherever it might

be located on Talmage avenue, provided the plaintiff got the contract for the entire work. The plaintiff undoubtedly so understood it, and at law the defendant is conclusively presumed to have so intended it. Mr. Kerr, in his work on Fraud and Mistake, at page 486, thus states the rule: "When the mistake is of one party alone, it must be borne in mind that the general rule of law is that whatever a man's real intentions may be, if he so conducts himself that a reasonable man would believe that he was assenting to the terms proposed by the other party, and that other party, on that belief, enters into a contract with him, the party thus conducting himself would be equally bound as if he had intended to agree to the other party's terms."

A party who enters into a contract under a mistake as to a material matter may, under certain conditions, be relieved in equity from his obligation. In the case at bar the defendant could have avoided a recovery if his alleged mistake had been induced by some concealment or misrepresentation on the part of the plantiff. Some authorities hold that he would be released even if the plaintiff was conscious of the fact that he was laboring under the mistake. But such a defense is equitable in its character and must be pleaded, which the defendant failed to do. In justice to the plaintiff, however, it must be said, that there is no evidence to show that he by word or act contributed to defendant's mistake, or even had reason to believe or suspect that the defendant was in error as to the true location of the building.

The plaintiff's first instruction states the measure of damage to be the difference between the defendant's bid and the amount the plaintiff had to pay to have the work done, which all the evidence tended to prove was $513. The instruction directed that interest be added to that

CONTRACT: damages: interest.

amount from the date of the institution of the suit. The plaintiff insists that the allowance of interest was unauthorized. The general rule undoubtedly is that interest is not recoverable on unliquidated damages or for an uncertain demand. *Dozier v. Jerman*, 30 Mo. 216. But under the evidence we think it can not be fairly said that the plaintiff's claim for damages (if he had any at all), was unliquidated or uncertain. There was no controversy as to the amount of the defendant's bid or the amount which plaintiff was compelled to pay the other contractor. All of the evidence tended to prove that the latter amount was the reasonable value of the work. So we think that the amount of the plaintiff's recovery, if he was entitled to recover at all, was fixed, and hence under the decisions in this state the circuit court committed no error in directing interest to be added to the amount. The plaintiff abandoned any claim for damages for delay in the work. *Arthur v. Wheeler*, 12 Mo. App. 341; *McBeth v. Craddock*, 28 Mo. App. 380.

It follows that the judgment of the circuit court must be affirmed. All the judges concur.