UNITED REAL ESTATE COMPANY v. McDONALD *et al.,*
*Appellants.*

Division Two, July 6, 1897.

Breach of Bond: MEASURE OF DAMAGES: FAILURE OF EVIDENCE: NEW TRIAL: REVERSAL. Plaintiff sued on a bond which obligated defendants to build on a certain lot which it had purchased from them, ten buildings at a cost of not less than $35,000, before a given time. The houses were not built, and the plaintiff asked that the bond be forfeited, and laid its damages at $18,569.79. The court declared the bond forfeited and gave judgment for nominal damages, and then granted the motion for a new trial on the ground that "the court

erred in instructions given." *Held*, that the true measure of damages was the difference in the value of the property with and without the houses at the time of the breach of the bond; *held*, also, that as there was a total failure of evidence to show any substantial damage by reason of the failure to build the houses, and as the instructions were absolutely correct, the judgment for simply nominal damages was right, and the order granting a new trial will be set aside, and the trial court directed to reinstate its original judgment.

*Appeal from St. Louis City Circuit Court.*—Hon. James E. Withrow, Judge.

Reversed and remanded.

*Hiram J. Grover, George B. Webster* and *Kehr & Tittman* for appellants.

(1) This court on this appeal will presume that no other ground was found in the motion for sustaining the application for new trial, and will limit the present investigation to the alleged error in the instructions. *Bradley v. Reppell*, 32 S. W. Rep. 645; *Millar v. Madison Car Co.*, 130 Mo. 517; *Candee v. Railroad*, 130 Mo. 142; *Joseph Herdler v. Buck's Stove & Range Co.*, 37 S. W. Rep. 115; *McGurry v. Wall*, 122 Mo. 614; Freeman, Judgments, sec. 73, p. 103. (2) The people thought that a judge was as likely to commit error in granting a new trial as in making any other ruling. Therefore the legislature has passed an act giving a litigant the right to have such ruling reviewed by this court. A clear departure from the former practice of this court is thus seriously emphasized and commanded. *Ensor v. Smith*, 57 Mo. App. 584; *Bunyan v. Railroad*, 127 Mo. 12; *Parker v. Cassingham*, 130 Mo. 348; *Millar v. Madison Car Co.*, 130 Mo. 517; *Candee v. Railroad*, 130 Mo. 142; *Herdler v. Buck's Stove & Range Co.*, 37 S. W. Rep. 115. (3) The idea born of sympathy that a plaintiff without suffi-

cient evidence at the close of his case ought to have a new trial, to see if he could not do better next time, has never met with favor in this court, and ought to be utterly repudiated anywhere. (4) There was no measure of damage shown, and no damage proven. The value of the property without the contemplated buildings, and the value of the property as it might have been with the contemplated buildings was not shown. (5) Even if plaintiff could recover as remote damage the deficit on the notes, such recovery must be controlled by, and be subservient to, the direct original measure of damages, to wit, the amount of money representing the difference between the value of the property without buildings and its value with the buildings.

*Dawson & Garvin* for respondents.

(1) To warrant reversal of an order for a new trial it must clearly appear that no error occurred that may possibly have been prejudicial to the party who applied for the new trial. *Ittner v. Hughes*, 133 Mo. 692. (2) If the action of the court in granting the new trial can be sustained upon any grounds set forth in the motion for that purpose, it is the duty of this court to do so, although the trial court may have given the wrong reasons for sustaining the motion, and this even though the ground upon which the motion was sustained had been of record. *Hewitt v. Steele*, 118 Mo. 474. (3) The presumption will be indulged in favor of the correctness of the action of the court below in granting the new trial, and this court will not feel authorized to say the discretion thus exercised, which rightfully belongs to the trial court, has been unjustly or arbitrarily exercised in this instance. *Hewitt v. Steele*, 118 Mo. 474; *Bunyan v. Railroad*, 127

Mo. 12. (4) An instruction of nonsuit and an instruction to find for plaintiff for nominal damages only are not wholly analogous. On nonsuit voluntarily or involuntarily taken another action may be brought within one year. *Hewitt v. Steele*, 118 Mo. 474. Plaintiff can not bring a new suit upon its cause of action, and has no remedy except by a new trial thereof. *Jackson v. Railroad*, 54 Mo. App. 644; *Kidd v. McCormick et al.*, 83 N. Y. 391. (5) If the plaintiff was entitled to more than one cent damages the order granting a new trial should be affirmed without regard to whether the exact amount of its damages in excess of one cent can be determined from the evidence.

GANTT, P. J.—This is a civil action to recover damages for a breach of the following bond executed by the defendants:

"Know all men by these presents: That we, John R. McDonald as principal, and A. K. Florida, Francis G. Flannagan and Benjamin F. Hammett as securities, all of the city of St. Louis and State of Missouri, are held .and firmly bound unto the United Real Estate Company, a corporation organized and existing under the laws of the State of Missouri, in the full sum of thirty-five thousand dollars, lawful money of the United States, for the payment of which, well and truly to be made, we hereby bind ourselves, our heirs, administrators and assigns firmly by these presents. Sealed with our seals and dated the 28th day of October, 1892.

"The condition of the above obligation is such that whereas, the said United Real Estate Co. has sold and conveyed to the said John R. McDonald the following described real estate in the city of St. Louis, State of Missouri, to wit: A lot or parcel of ground situated in city block No. 495 of said city of St. Louis,

and more particularly described as follows:    Beginning
at a point where the east line of Eighteenth street
intersects the south line of Chestnut street;   thence
eastwardly along said south line of Chestnut street one
hundred and sixty-two feet and one half inch to a
point; thence southwardly and parallel with Eight-
eenth street, seventy-two feet, ten and one half inches,
more or less, to an alley fifteen feet wide; thence west-
wardly along the north line of said alley one hundred
and sixty-two feet and one half inch, more or less, to
the said east line of Eighteenth street; thence north-
wardly along said east line of Eighteenth street seventy-
two feet and eleven inches, more or less, to the point
of beginning.    Being same property acquired by said
United Real Estate Co. by deeds recorded in the re-
corder's office of the city of St. Louis in book 952 at
page 172, book 953 at page 188, and book 964 at page
173.    And, whereas, the said John R. McDonald did
agree as one of the conditions of said sale to erect upon
said property ten two or three story brick and stone
buildings at a cost of not less than thirty-five thousand
dollars, and to have the said buildings completed and
all the labor and materials entering thereinto fully paid
for on or before June 28, 1893; and, whereas, said
United Real Estate Co. sold said property to said
McDonald at a lower price than it would have done
except for said agreement on the part of said McDonald
to erect said buildings, and said agreement was a
material inducement to said sale.    Now, therefore, if
the said John R. McDonald, his heirs, administrators
or assigns, shall cause to be erected upon said property
ten two or three story brick and stone buildings, at a
cost of not less than thirty-five thousand dollars, and
shall have the same completed and all labor and
materials entering thereinto paid for on or before June

28, 1893, then this obligation to be void; otherwise to remain in full force and virtue.

"JOHN R. McDONALD,      [SEAL]
"ALONZO K. FLORIDA,      [SEAL]
"FRANCIS G. FLANNAGAN,  [SEAL]
"BENJAMIN F. HAMMETT.   [SEAL]

"Signed, sealed and delivered in the presence of us this fifteenth day of December, 1892.

"JULES V. BOUCHER,
"GEO. W. RORER."

The breach assigned is that said McDonald, his heirs, administrators or assigns, "did not cause said buildings or any less number thereof at a cost of $35,000 or any other sum to be erected on said real estate on or before June 28, 1893, or at any other time," and by reason of said breach plaintiff is damaged in the sum of $18,569.79; that said Hammett has paid $6,400 in discharge of his liability on said bond and that a balance of $12,169.79 is still due plaintiff from defendants. A. K. Florida having died after the execution of the bond, the Mississippi Valley Trust Company, his administrator, was made party defendant. The defendants McDonald, Flannagan and the administrator of Florida, each filed separate answers. These answers admit the sale; aver that the price agreed upon was the full intrinsic market value of the property and not a sum less than the real value in view of the erection of the proposed buildings; admit the giving of the deed of trust and the failure to erect the houses; the subsequent sale and purchasing of the said real estate by plaintiff; pleads an accord and satisfaction by purchase of the property by Hammett for $60,000 and the acceptance thereof by plaintiff in full satisfaction of the liability, if any, of Hammett and Flannagan on said bond; denies all consideration for

the bond; denies any breach thereof or any loss or injury by plaintiff.

At the close of the evidence the court instructed that plaintiff could only recover nominal damages against Flannagan, McDonald and the estate of Florida, and gave judgment for one cent.

Plaintiff filed its motion for new trial and assigned as grounds that:

"1.   The finding and judgment in said cause that the plaintiff was entitled to nominal damages only was against the evidence and the weight of evidence and the law under the evidence.

"2.   The court erred in admitting incompetent, irrelevant and immaterial evidence at the instance of the defendants against plaintiff's objection and exception.

"3.   The court erred in rejecting competent, relevant and material evidence offered by the plaintiff.

"4.   The court erred in its declarations of law given at the instance of the defendants.

"5.   The court erred in its declarations of law given of its own motion.

"6.   The damage assessed is wholly inadequate and insufficient."

The court sustained this motion upon the ground that "the court erred in the instructions given." To this order granting a new trial defendants objected and excepted at the time and have appealed from said order.

I.   The sole question for solution is the propriety of the granting a new trial.

The instructions given were two of the same import, one in behalf of Florida's estate, and the other in behalf of McDonald and Flannagan to the effect that under the testimony plaintiff could only recover nominal damages.

Indulging for the present the presumption that

the circuit court correctly denied a new trial on all the other grounds set out in the motion therefor, save that assigned by it on its record, we proceed according to the course of decisions in this State to examine the charge that it erred in granting the new trial because it gave the declarations of law it did. *Bradley v. Reppell*, 133 Mo. 545; *Millar v. Madison Car Co.*, 130 Mo. 517; *Candee v. Railroad*, 130 Mo. 142; *Herdler v. Buck Stove Co.*, 136 Mo. 3.

By reference to the breach alleged it will be observed that damages were sought for the failure to build the houses called for in the bond on or before June 28, 1893. It stands confessed that the houses were never built. Ignoring for the present the defense of accord and satisfaction by the deal made with Hammett, what burden was on plaintiff to establish substantial damages? The condition of the bond is not that McDonald's notes should be paid but that the houses should be built. The measure of the damages for the failure to build the houses of the kind stipulated in the bond would be the difference between the value of the realty without such buildings and the value of the property with such buildings at the time of the breach, to wit, June 28, 1893.

Plaintiff might and indeed did have other remedies on its notes against McDonald and its deed of trust but that bond stood as security for the difference between the land without and the land with the buildings on it. The obligation of neither the principal nor the sureties thereon extended one farthing beyond this difference. If we are right in this assumption, and we think we are, then it follows that it was necessary for plaintiff to establish what that difference was. This could be shown only by proof of the value of the realty without the buildings on or before June 28, 1893, and what it would have been worth with the buildings. How was

this attempted to be shown? Plaintiff called Mr. Powell and endeavored to prove how it would have affected its other property in this same neighborhood if the buildings had been erected, but the court very properly ruled that such an inquiry was irrelevant and the damages thus sought to be proved were too remote. Neither was it competent to ask this witness the question: "If the property had been improved, would the plaintiff company have permitted it to sell for less than its debt?" Whether it would or would not did not tend to establish what the realty was worth, either with or without the buildings, and on this practical inquiry the witness, Mr. Powell, testified he did not know what the value of the property was. No other witness was called to testify as to the value of this property. But it is argued by the counsel for respondent that this court could assume that because this property only brought $50,000 at the sale under the deed of trust in 1893 that must conclusively establish its value then and that it must be assumed further that $35,000 worth of buildings on the property would have enhanced its value at least that much. But the court below evidently thought that there was no ground to infer that these lots would have sold for any particular or reasonably definite sum more with the buildings on them than without them. It is not a presumption either *prima facie* or conclusive, that a building necessarily adds a definite amount to the value of property in a city. So much depends upon the purposes for which the property is to be purchased and the character of the buildings. A building which would be valuable in one locality would be a positive detriment in another locality, as for instance a dwelling house in an exclusively business district. Such proof as this was entirely too unsatisfactory to establish the two essentials, to wit, the value of the property with and the value thereof without

such buildings. Certainly the proof could not have been difficult to obtain in a city where real estate agents dealing in such property must have often had opportunities of noting what, if any, difference such buildings would have made in the value of realty situated as this was. We think there was a complete failure of proof to show any substantial injury by the failure to build the houses and that the instructions were absolutely correct.

After these instructions were given plaintiff could have taken a nonsuit but the record discloses no effort to do so.

As plaintiff had a fair trial upon its own theory of the law and evidence and we can discover no error in the instructions and no other ruling of the court upon which it should have sustained the motion for new trial, it seems to us the defendants ought not to be held in court for further experiments.

We think the circuit court erred in granting a new trial and its judgment in so doing is reversed and the cause is remanded with directions to enter a judgment for the penalty of the bond, with a further judgment for one cent, the damages assessed by it, and that it have execution therefor. It is adjudged that defendants have and recover the costs of this appeal.

Judgment reversed and cause remanded. SHERWOOD and BURGESS, JJ., concur.