## In re CARRIER.

District Court, D. Massachusetts. April 15, 1927.

No. 35695.

1. **Bankruptcy** ⚖︎320—**Unliquidated claim for breach of contract may be liquidated before referee.**

Unliquidated claim for damages for breach of contract may be liquidated before referee.

2. **Damages** ⚖︎120(3)—**Measure of damages for breach of contract for building work is difference between contract price and fair market value of work.**

Measure of damages for breach of contract for doing building work is difference between contract price and fair market value of work, and it is immaterial that owner elects not to complete work according to original plans and specifications.

3. **Bankruptcy** ⚖︎340(4)—**Evidence held sufficient to support claim for damages for breach of contract by bankrupt for building work.**

Estimate of cost of completing building contracted to be built by bankrupt is not necessarily conclusive of owner's damages, but is evidence of fair market value of completed work.

In Bankruptcy. In the matter of Jean B. Carrier, bankrupt. On review of order of referee. Reversed and rendered.

David R. Radovsky, of Fall River, Mass., for creditor.

Abraham S. Goldman, of Fall River, Mass., for trustee.

BREWSTER, District Judge. The referee in bankruptcy has certified for review his order allowing in part a claim of Alpert Bros. These creditors proved a claim for $7,000. The referee allowed it for $50. His certificate shows that the creditors present a claim for damages resulting from breach of contract, entered into between them and the bankrupt, whereby the bankrupt agreed to do certain work, for which he was to receive the sum of $9,000. The work consisted of raising a house and building stores thereunder, according to plans and specifications. The bankrupt started excavation, and then abandoned the work. The creditors obtained an estimate of the cost of completing the work according to the original plans and specifications, but the work was never done according to them. It was found that the cost of this work would be $16,000, and the referee certifies that the price was reasonable.

[1] It is obvious that the creditors here present a claim for unliquidated damages. There must be some liquidation of these damages before proof can be considered. This liquidation may be had in proceedings before the referee in such manner as he may direct, and the determination of the damages will be based upon the principles controlling the ascertainment of damages in similar cases, where there have been breaches of contractual obligation. Collier on Bankruptcy (13th Ed.) p. 1419, and cases cited.

I am assuming that this claim was properly liquidated before the referee. The referee found that it would cost $50 to fill in

the excavation, and allowed the claim for that amount. I think the learned referee erred in confining the creditors to the cost of filling the excavation.

[2] The rule of damages applicable to a situation such as here presented would give to the creditor the right to recover the difference between the contract price of $9,000 and the fair market value of the work, if it had been done according to contract, and it makes no difference that the owner elected not to complete the work according to the original plans and specifications. American Surety Co. of New York v. Woods (C. C. A.) 105 F. 741; Newton v. Consolidated Construction Co., 184 Mich. 63, 150 N. W. 348; Simons v. Wittmann, 113 Mo. App. 357, 88 S. W. 791.

[3] The estimate of completing the work according to the original plans and specifications would not necessarily be the measure of the owner's damages. Newton v. Consolidated Construction Co., supra. But it might be considered as evidence tending to show the fair market value of the completed work.

The referee's order should be reversed, and the claim allowed for $7,000.