GEORGE LAMING, Respondent, v. PETERS SHOE COMPANY, Appellant.

### St. Louis Court of Appeals, October 26, 1897.

1. **Contract of Hire: CONSTRUCTION.** Where, by the terms of a contract of defendant with its manager, he was to have the entire control and management of its manufacturing department, subject to general regulations prescribed by defendant, he thereby had authority to engage all employees for such department upon such terms as would be reasonable; and the employment by him of plaintiff for one year as foreman in such department, was not unreasonable in the absence of any proof that he was expressly forbidden to do so.

2. **Custom: INSTRUCTION.** An instruction based on evidence of an alleged custom, which was immaterial, was properly refused.

3. **Contract of Hire: BREACH: DAMAGES.** In a suit for breach of a contract of hire, by the wrongful discharge of plaintiff before the expiration of the term of his employment, where there was no dispute as to the date of the discharge and the amount of his salary, the court did not err in allowing interest.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

A foreman or superintendent who exercises the power of hiring and discharging men is an *alter ego* or vice-principal, and is not a fellow of the servants under him. *Miller v. R'y*, 109 Mo. 350; *Foster v. R'y*, 115 Id. 180; *Jones v. Packet Co.*, 43 Mo. App., at 406, 407.

Parties must abide by their contracts as they have made them, and the courts can not vary or add to them, nor make different agreements for the parties.

*Machine Co. v. Babst,* 56 Mo. App. 427; *Thornton v. Royce,* 56 *Id.* 179; *Beattie v. Coal Co., Id.* 221.

The parties are presumed to have employed the words in their usual sense, and not otherwise. And the courts will consult the standards of our language to find this meaning. *Goode v. St. Louis,* 113 Mo. 271. This the court refused to do, in not giving the second instruction asked by defendant, thereby indicating that it was of opinion that the writing of November 29, 1892, was alone sufficient authority to Walden to make a contract with plaintiff, as foreman, for a year. *Glass v. Rowe,* 103 Mo. 513.

The court erred in admitting, over appellant's objections, the parts of Walden's deposition relating to plaintiff's employments in appellant's factory prior to the alleged contract of 1894. *Clark v. Farley,* 30 Mo. App. 336; *Suttie v. Aloe,* 39 *Id.* 38; *Walton v. R. R.,* 40 *Id.* 544. See, also, *Barngrover v. Mack,* 46 Mo. App. 544.

The court erred in refusing appellant's third instruction. *Evers v. Schumacher,* 57 Mo. App. 584. See, also, *Deutmann v. Kilpatrick,* 46 Mo. App. 627; *Michael v. Ins. Co.,* 17 *Id.* 23; *Crawford v. Elliot,* 78 Mo. 497; *Shickle v. Chouteau,* 10 Mo. App. 241.

This being an action for damages for breach of contract, interest can not be added to the damages. *Ferry Co. v. R. R.,* 128 Mo. at 255.

*Collins & Jamison* for respondent.

BIGGS, J.—This is a suit for breach of contract, in which the plaintiff alleges that he was hired by the defendant for the period of one year, beginning on the first day of December, 1894, as foreman in the bottoming department of defendant's shoe factory; and that he entered upon the employment and faithfully dis-

charged the duties thereof until June 15, 1895, when he was wrongfully discharged by the defendant. The answer is a general denial. The cause was submitted to the court without a jury. There was a judgment for plaintiff for $769, from which the defendant has appealed. The defendant assigns for error the refusal of the court to give certain instructions, and the admission of irrelevant and incompetent testimony, and that the judgment is excessive.

It is admitted by defendant that the plaintiff was employed by its general manager as foreman in the bottoming department of its shoe factory, that he served in that capacity from December 1, 1894, until June 15, 1895, and that on the last mentioned day he was discharged; but the defendant denied that the plaintiff was hired for one year or any other specified time, or that the defendant's manager had authority to so hire him. The plaintiff and E. M. Walden, who was the general manager of defendant at the time of the hiring, testified that the contract was as plaintiff averred, and that plaintiff was to be paid weekly for his services at the rate of $30 per week. As evidence of the authority of Walden to make the alleged contract the plaintiff read in evidence the contract between Walden and the defendant, which is as follows:

"This agreement in duplicate, made and entered into this twenty-ninth day of November, A. D. 1892, by and between the Peters Shoe Co., a corporation, party of the first part, and E. M. Walden, party of the second part, both parties of the city of St. Louis, state of Missouri, WITNESSETH:

"That the said party of the first part hereby agrees to employ and retain, and by this contract does employ and retain, said party of the second part in its service for the period of three years from the first day of December, 1892, in the capacity of superintendent and

manager of its manufacturing department at a salary of thirty-six hundred ($3,600) dollars per annum, payable in monthly installments of three hundred ($300) dollars.

"That the said party of the second part for and in consideration of the salary herein mentioned, to be paid as herein above provided, hereby contracts and agrees with said party of the first part that he will for the period of three years from the first day of December, 1892, devote his entire time and attention to the superintending and managing of the manufacturing department of said party of the first part, subject to the supervision of said party of the first part; that for the period of time herein contracted for, he will neither engage nor participate in any other business without the approval and consent of said party of the first part.

"It is understood and agreed by and between the parties hereto, that said party of the second part shall have entire control and management of said manufacturing department; that he is hereby authorized to purchase and direct the purchase of such stock and supplies as may be necessary for properly carrying on of said manufacturing department; *also, that he shall have full power and authority to engage and employ all necessary workmen and operatives to be employed in and about the operation and running of said manufacturing department.* The powers and authorities herein conferred upon said party of the second part shall be exercised by him, *subject to the general regulations of the party of the first part* as may be imposed from time to time. In witness whereof, the said parties have hereunto set their respective hands and affixed the seal of said corporation the day and year above written.

"E. M. WALDEN,—Peters Shoe Co.

[Seal] "H. W. PETERS, Pres't."

The court also permitted Walden to testify that during the time he served as superintendent he hired all persons connected with the establishment, and that he employed them for such time or times as he saw proper, and that the defendant at no time denied his right to do so or attempted to interfere in its exercise. The defendant was permitted to introduce oral evidence tending to prove that Walden possessed no authority to hire anyone for a definite period; that the officers of defendant had no information of the alleged contract with plaintiff until after his discharge, and further that all *operatives and workmen* employed by the defendant were hired by the week and were paid weekly either a salary or by the piece, and that this was the custom of all shoe factories in the city of St. Louis. There was also evidence that no such custom prevailed as to the foreman in such establishments. At the close of the evidence the defendant asked, but the court refused to give, the following instructions:

"1.    Defendant asks the court to declare the law to be, that upon the pleadings and the evidence, the plaintiff is not entitled to recover.

"2.    The court also declares the law to be, that the written agreement between defendant Peters Shoe Company and E. M. Walden, dated November 29, 1892, did not authorize said Walden to make a contract with plaintiff Laming for the services of said Laming, as a foreman for a year.

"3.    The court also declares the law to be, that if from the evidence the court believes that in December, 1894, it was an established rule or practice to employ the workmen and operatives in defendant's shop only by the week or for periods less than a week, and the court also finds that plaintiff knew of this rule or practice at the time, then the plaintiff will not be entitled to recover."

The theory of the second instruction is that the contract between Walden and the defendant did not authorize the former to employ the *foreman* of defendant's factory. The argument is that the clause of the contract giving Walden authority "to employ workmen and operatives" must be considered as a limitation on his power of employment, and that as the words workmen and operatives do not include the foreman of the factory, the right of Walden to appoint the latter was withheld. We can not agree to such a construction. It is the clear language of the agreement that Walden was to have the entire control and management of the manufacturing department, subject to general regulations prescribed by the defendant; he was made responsible for the proper manufacture of the product; and to hold that he should have no voice in the selection of the foremen of the various departments, whose duty it was to see that the several portions of the work were properly done, would be an unreasonable construction of his contract. On the contrary it was the manifest intention of the defendant to clothe him with the power to engage all employees upon such terms as would be reasonable, and the employment of the plaintiff for one year could not be held an unreasonable exercise of such power, in the absence of proof that he was expressly forbidden to do so. Hence the subsequent clause in the contract giving Walden power to "engage workmen and operatives" must be construed not as a limitation upon, but as a partial enumeration of the powers contained in the general grant.

The third instruction is based on evidence of the alleged custom. The extent of the proof was that it was the custom of shoe factories in the city of St. Louis to hire *workmen and operatives* by the week or for periods less than a week.

*[Margin notes: Contract of hire: construction. Custom: instruction.]*

The words "workmen and operatives" do not include foremen of departments, as counsel for defendant clearly demonstrate in their briefs in support of the first assignment of error.   The proof as to the custom being immaterial, the court was clearly right in refusing the instruction.

Complaint is also made of the admission of that portion of Walden's deposition in which he stated that during the time he had charge of the defendant's factory his right to engage all employees upon such terms as he saw proper was at no time questioned.   This evidence was undoubtedly irrelevant, as there is no ambiguity in Walden's contract with defendant, in respect of such powers.   It is evident that the circuit court in finally disposing of the case adopted this view and discarded all oral testimony explanatory of the contract.

Lastly it is urged that the judgment is excessive in that the court allowed interest as part of the plaintiff's damages.   The general rule is, that interest is not recoverable on unliquidated damages or for an uncertain demand.   The present case does not fall within the rule.   *Prima facie* the plaintiff's measure of damage was the amount of his salary for the remainder of the year.   The court found that he was employed for a year and that he was wrongfully discharged before its expiration; that he was unable to procure employment elsewhere; and as there is no dispute as to the date of the discharge and the amount of the plaintiff's salary, it can not be said that his damage was unliquidated or uncertain. Upon this state of facts there was no error in allowing interest.   *Arthur v. Wheeler*, 12 Mo. App. 341; *McBeth v. Craddock*, 28 Mo. App. 380; *McCormack v. Lynch*, 69 Mo. App. 524.

With the concurrence of the other judges the judgment will be affirmed.