## RANDOLPH v. WHEELER, Appellant.

### Division Two, May 31, 1904.

1. **PRACTICE: Demurrer: Appeal.**  Where the defendant refuses to plead further after his general demurrer to the petition is overruled, and the court hears the plaintiff's evidence and renders judgment for him, the only question for review on appeal is whether or not the petition states a cause of action.

2. ——: **Effect of Demurrer.**  A demurrer charging that the petion does not state facts sufficient to constitute a cause of action, admits every allegation in the petition.

3. **SPECIFIC·PERFORMANCE: Contract By Agent: Demurrer.** A contract for the purchase of land entered into by an agent of the owner can be enforced by the owner, or his assigns with notice, against the other party. And a charge in the petition that one of the nominal parties to the contract was in fact agent for the owner of the land is admitted by a general demurrer.

4. ———: **Rights of Assignee of Owner.** A person purchasing lands with knowledge of an existing contract on the part of the vendor to sell the same to the defendant, is chargeable with all the equities affecting the lands in the hands of the vendor, and in like manner is entitled to succeed to all the equities which the vendor could have enforced. And if the vendor could have enforced specific performance of a contract to sell to defendant, so can his vendee.

Appeal from Chariton Circuit Court.—*Hon. Jno. P. Butler*, Judge.

AFFIRMED.

*H. K. & H. J. West* and *B. L. White* for appellant.

The demurrer to plaintiff's petition should have been sustained. It alleges that Wheeler agreed with Thomas Darrell that he would buy the land in question from Edward Darrell. Edward Darrell did not agree to sell to Wheeler or to any one, and was not bound by the contract in any manner, to do anything. The petition shows on its face that he not only did not ratify the contract, but that if he had any knowledge of it at all, he repudiated it by selling the land to plaintiff. At all events he voluntarily put it out of his power to comply with the alleged contract to sell to Wheeler by conveying to plaintiff. Edward Darrell is not in position to enforce specific performance against Wheeler for the reason that he has, by his own act, rendered himself unable to convey the land to Wheeler. Plaintiff, his vendee, can not have specific performance. against Wheeler for the reason that Wheeler has no contract with the plaintiff to be enforced. The facts alleged are that Wheeler agreed in 1899 to buy the land from

Edward Darrell; that in 1900 Darrell sold and conveyed the land to plaintiff; and that in 1901, the plaintiff tendered to Wheeler her deed to the land, and demanded of Wheeler the money he had agreed, in 1899, to pay Darrell for the land. It is not alleged that this contract, or Edward Darrell's right of action thereon, was ever assigned to plaintiff, or that defendant ever knew of, or assented to, the conveyance of the land to plaintiff. Under this state of facts to claim that the plaintiff may have specific performance is simply absurd. Secret Service Co. v. Mfg. Co., 125 Mo. 156; Pomeroy on Remedies and Remedial Rights, sec. 263; Hurd v. Denny, 16 Ill. 492; Judson v. Wass, 11 John. 525; Tucker v. Woods, 12 John. 190; Muller v. Whittier, 32 Me. 203; Hilliard on Vendors (2 Ed.), 250; Warville on Vendors, sec. 925; 24 Am. & Eng. Ency. of Law (2 Ed.), 623; Hall v. Rowson, 5 Wis. 206.

*C. C. Bigger* for respondent.

(1) Although the contract for the purchase of the stock of merchandise, from the defendant Wheeler, and the sale and conveyance to him of the land in question, by Edward Darrell, was, on its face, between Wheeler and Thomas J. Darrell, yet the petition alleges, and the court found, that in truth and fact said Edward Darrell was the real party in interest and that said contract was made for his benefit. This being true, Edward Darrell could, after the stock of merchandise had been paid for, which was a condition precedent, maintain an action for specific performance of the contract for the sale of the land, it being immaterial whether he was or was not at the time disclosed to the defendant as the real party in interest. Pomeroy, Spec. Perf. (2 Ed.), sec. 89; Fry, Spec. Perf. (3 Ed.), secs. 238, 239, 240; Kelly v. Thuey, 143 Mo. 438. (2) The right of action for the specific performance of the contract was transferable, and the plaintiff, who received the deed from

Edward Darrell, conveying to her the title to the land, with full knowledge of said contract, and which contract, as is alleged in the petition, she agreed with said Edward Darrell to carry out and perform, succeeded to all the rights of said Darrell thereunder, and can, in her own name, maintain the action. In all cases where specific performance will be decreed between the original parties to the contract, it will be decreed between parties claiming under them, unless the situation of the parties has changed or there are intervening circumstances which would render a decree for specific performance inequitable. Story's Equi. Juris., secs. 788, 790; Pomeroy, Spec. Perf., sec. 458; Adams v. Cawhead, 30 Mo. 458; Melton v. Smith, 65 Mo. 458; Hagman v. Shafner, 88 Mo. 28; Scott v. Davis, 143 Mo. 226; Snyder v. Railroad, 86 Mo. 613; R. S. 1899, sec. 540.

FOX, J.—This is a suit brought by respondent, Anna Randolph, to the February term, 1902, of the circuit court of Chariton county, Missouri, at Salisbury, against the appellant, Wm. N. Wheeler, for the specific performance of a written contract for the sale of forty acres of land situated in Chariton county. The petition which is set out in full in appellant's abstract of the record, contains an exact copy of the contract sued on. At the February term, 1902, of said court, the appellant filed a general demurrer to said petition, alleging as ground of objection thereto, that said petition did not state facts sufficient to constitute a cause of action. The demurrer was, by the court, overruled, and defendant having declined to plead further, the court, after hearing the evidence offered by plaintiff in support of the allegations of her petition, rendered judgment in her favor for $114, and defendant appeals. It will thus be seen that the only question presented by this record for decision, is whether the petition states a cause of action.

The correctness of the trial court's action in over-

ruling the demurrer to the petition, being the only question involved upon this appeal, it is important to have before us the pleading assailed. The petition, omitting the caption, is as follows:

"Plaintiff states that on the ninth day of December, 1899, the defendant, William N. Wheeler, owned and was in possession of a certain stock of merchandise situated in the city of Marceline, Linn county, Missouri; that on said ninth day of December, 1899, one Edward Darrell owned and was in the possession of the following described real estate in Chariton county, Missouri, to-wit: The east half of lot numbered four in the northwest quarter of section five, in township fifty-five, range seventeen, containing thirty-six and 46-100 acres, more or less; that on said ninth day of December, 1899, said defendant Wheeler and one Thomas J. Darrell, father of the above-named Edward Darrell, entered into a contract in writing, by which it was mutually agreed that said Wheeler was to and did thereby sell to said Thomas Darrell said stock of merchandise, and that said Edward Darrell was to sell and convey to said Wheeler the above described real estate, said contract being in words and figures as follows:

" 'This contract made this ninth day of December, 1899, by and between William N. Wheeler and Thomas J. Darrell, witnesseth: That whereas the said Thomas J. Darrell is indebted to the said William N. Wheeler in the sum of one thousand and sixty-eight dollars and fifteen cents, which amount the said Thomas J. Darrell has agreed to pay unto the said William N. Wheeler as a condition precedent to the delivery of possession of a certain stock of merchandise for which the said Thomas J. Darrell has traded with the said William N. Wheeler. Now in order that the contract under which the said trade was made may be fully complied with and in all respects performed, the said William N. Wheeler and Thomas J. Darrell hereby agree as follows: The said William N. Wheeler is to manage and hold possession of

said stock of merchandise and to have the proceeds of all sales, less the necessary running expenses, until the said sum of $1,068.15 is paid out of the same or in some other way satisfactory to said William N. Wheeler. The store building in which said stock of merchandise is located shall be opened each day, except Sundays, not later than 7:30 a. m. and shall close at 8:30 or nine o'clock p. m., and the said William N. Wheeler or his agent shall give to one Edward Darrell for Thomas J. Darrell at the close of each day's business a receipt for the proceeds of the sale for such day, less a reasonable amount for running expenses, and whenever the said proceeds, less the necessary running expenses, together with any other payments, if any, which may be made on said sum of $1,068.15 shall be equal to said sum of $1,068.15, then the said stock of merchandise in its condition at that time, except all boots and shoes on hand, which said Wheeler reserves, shall be turned over to said Edward Darrell, and until said payments shall be, made as aforesaid and said merchandise turned over to said Edward Darrell as hereinbefore agreed, the said Thomas J. Darrell shall pay as a rental for the basement and the south half of the first floor of the building in which said merchandise is located, the sum of fifteen dollars per month, commencing on the eleventh day of December, 1899, which said rent shall be taken from the proceeds of the sale of said merchandise by said Wheeler under the head of running expenses. After the possession of said merchandise is delivered to said Edward Darrell as aforesaid the rental of said basement and all the first floor of said building shall be twenty-five dollars per month. Until possession of said merchandise is given to said Edward Darrell as aforesaid, the said Wheeler reserves the right to the use of the north side of the first floor above the basement of said building. The said Wheeler hereby agrees to take from said Thomas J. Darrell the corn now in the crib on the farm recently conveyed by said Darrell to said

Wheeler and to allow him the sum of thirty cents per bushel for the same in the crib according to crib measurement, and whatever amount said corn comes to shall be applied as a payment on said sum of $1,068.15. In order to ascertain how much corn is in said crib, it is agreed that the said Wheeler and the said Thomas J. Darrell shall each send a man there to measure said corn according to crib measurement and that their decision on the matter shall be binding and final.

" 'It is also agreed that if after said Wheeler shall have received payments in full of the said sum of $1,068.15 from said Thomas J. Darrell, said Edward Darrell shall convey to said Wheeler by general warranty deed a fee simple title to the east half of lot numbered four in the northwest quarter of section five, in township fifty-five, range seventeen, containing thirty-six and 46-100 acres, more or less, in Chariton county, Missouri, as shown by an abstract thereof to be furnished by said Edward Darrell at the time, then and in that case the said William N. Wheeler shall pay to the said Edward Darrell the sum of six hundred and fifty dollars in cash.

" 'The said Darrell is to pay the expenses of running said store except one-half of the salary of one Robert L. Wheeler, and the payment of said running expenses shall be taken out of the proceeds of said sales by said Wheeler before said Wheeler is to take and apply any of the proceeds on the said debt due and owing him by said Thomas J. Darrell. Said Darrell is to have the use and earnings of the scales in front of said building without any extra charge as long as he keeps said building. Said Wheeler and Thomas J. Darrell are to have free access to said building during business hours. It is agreed that the staple articles belonging to the grocery department shall be kept up out of the proceeds of sales and payments therefor made out of said proceeds. In witness whereof said parties have hereunto set their hands and seals the day and year

first above written,' which said contract was duly executed by said William N. Wheeler and Thomas J. Darrell, and witnessed by Benjamin L. White and R. L. Wheeler, and had attached thereto and cancelled as the law directs $1.10 of internal revenue stamps, which said contract is not herewith filed for the reason that the same is in possession and under the control of the defendant.

"Plaintiff further states that in the purchase of said stock of merchandise and in the making of the contract aforesaid for the purchase of said stock of merchandise the said Edward Darrell was a party thereto and was with his father, the said Thomas J. Darrell, the purchasers thereof, notwithstanding that said contract for the purchase and payment for said merchandise was made in the name of said Thomas J. Darrell alone; that in making said contract with said Wheeler for the sale and conveyance to said Wheeler of the real estate above described, while the same was made in the name of said Thomas J. Darrell alone, yet in truth and in fact said Edward Darrell as owner in fee simple of said real estate was the real party in interest in the contract aforesaid for the sale of said real estate to said Wheeler, and that in making said contract of sale of said real estate, said Thomas J. Darrell was the agent of said Edward Darrell.

"Plaintiff further states that after said contract had been entered into for the sale of said real estate and before said Edward Darrell had conveyed the same to said Wheeler, she became the purchaser of said real estate from said Edward Darrell, and on the — day of ——, 1900, received from him a general warranty deed to said real estate, subject, however, to said contract of sale to said Wheeler, of which said contract of sale plaintiff had full knowledge, and upon which she relied and which she assumed, and which she has always been ready and willing and is yet ready and willing to carry out and perform.

"Plaintiff further states that all the terms and conditions of said contract in the purchase of said stock of merchandise and in the payment therefor on the part of said Thomas J. Darrell and said Edward Darrell and that said sum of $1,068.15 has been fully paid to said William N. Wheeler in all respects according to the terms of said contract.

"Plaintiff further states that after said Thomas J. Darrell and said Edward Darrell had fully complied with all the terms and conditions of said contract in regard to the purchase and payment for said stock of merchandise and after said sum of $1,068.15 had been fully paid to said Wheeler under the terms of said contract, and on the — day of ——, 1901, she tendered to said Wheeler a general warranty deed duly executed and acknowledged by plaintiff and her husband, E. M. Randolph, conveying the fee simple title to said above-described real estate to said Wheeler as shown by an abstract of title which she then and there furnished at the time. But defendant refused and has ever since refused to accept said deed and to pay plaintiff the purchase-money, to-wit, six hundred and fifty dollars.

"Wherefore plaintiff prays for a decree of court ordering and directing the defendant to accept said deed and to pay to plaintiff the purchase-money, to-wit, six hundred and fifty dollars, and that plaintiff may have judgment against defendant for said sum of six hundred and fifty dollars, and for all proper equitable relief with costs of suit."

After the overruling of the demurrer to the petition, defendant refusing to further plead, plaintiff introduced evidence in support of the allegations in the petition, and the court made a finding of facts, and entered its decree specifically enforcing the contract, by requiring the deed to be excuted and the ascertainment of the amount due plaintiff upon the execution and delivery of said deed, which amounted to the sum of $114 for which judgment was rendered. It is unnecessary

to reproduce the finding of facts as made by the court, as they are substantially in accord with the allegations in the petition.

## OPINION.

This appeal presents but one question for consideration, that is the correctness of the action of the court in overruling the demurrer to the petition.

For the purpose of determining the demurrer, it admits each and every allegation in the petition.

First.  It is alleged in the petition that the contract, for the sale of the land, was made with Thomas Darrell, and it further alleges that Edward Darrell was the real party in interest, and that said contract was made by Thomas Darrell as his agent.

It will be observed that, so far as the sale of land was concerned, it appears upon the face of the contract that Edward Darrell was the owner in fee of said land and that he was the real party interested in that respect for whom the contract was made.  This allegation being admitted by the demurrer, it is clear that Edward Darrell could maintain the action for specific performance of a contract made by his agent.  It was said by this court in Kelly v. Thuey, 143 Mo. l. c. 438, that, "It is very familiar learning that the agent may enter into a contract for the purchase of land for an undisclosed principal.  And the principal may maintain a suit in his own name and enforce the contract, it being immaterial whether the principal was known during the transaction, or whether the party supposed he was dealing with the agent personally and on his own behalf."

That case simply follows the clear announcement of the rule by Mr. Pomeroy in his recognized work on Contracts.  He says, "When the agreement is executed by an agent in his own name, he appearing to be the contracting party, the requisite as to parties is complied with.  The principal may maintain a suit and enforce

the contract, and it is immaterial whether the principal was actually known during the transactions, or whether the other party supposed that he was dealing with the agent personally, entirely on his own behalf. Under the same circumstances, it is now the rule that a suit may be maintained, and the contract enforced against the principal, even though his name nowhere appears on the face of the writing, and even though he was undisclosed and unknown to the other party at the time of entering into the agreement, provided, of course, it was actually made on his behalf.'' [Pom. on Cont. (2 Ed.), sec. 89, p. 128.]

The only remaining question is the right of the present plaintiff to maintain this action. It will be observed that Edward Darrell, who was the original owner of the land and who held the legal title to it and who concededly had the right to maintain the action for specific performance, conveyed the land to this plaintiff who had notice of the contract of sale and agreed to carry out and perform it. These facts are all alleged in the petition, hence were admitted to be true by the demurrer.

It is earnestly contended and ably argued in the brief of learned counsel for appellant, that Edward Darrell, who was the owner in fee of the land, by his conveyance to plaintiff, rendered himself powerless to comply with the contract for the sale of the land, and that ended all rights under the contract, and that this plaintiff can not maintain this action.

We are unable to give our sanction to that contention.

It may be said that when Edward Darrell conveyed the land and thereby disabled himself from complying with it at law, the contract was at an end, and Darrell could not maintain an action at law for the purchase-money, nor could appellant maintain an action against Darrell for specific performance, but he could maintain an action at law against Darrell for damages for a breach

of the contract, and if the purchaser from Darrell had notice of the contract, as in the case at bar, the appellant could maintain his action in equity for specific performance of the contract. When a contract for the sale of land is entered into, certain equitable relations are created between the parties to the contract and the equitable rights accruing under such contract attach to it and will be enforced, either as between the original parties, or those claiming under them.

While the legal status of the parties may be changed, and the strictly legal rights of the parties at an end, the equitable rights flowing from and attached to the subject-matter of the contract, may still exist and be enforced against those occupying the status of the original parties to the contract. These equitable principles are not left in doubt by recognized authors treating of this subject. Mr. Story, in discussing this subject, sets at rest all controversy about this question. He says: "It may also be stated that in general where the specific execution of a contract respecting lands will be decreed between the parties, it will be decreed between all persons claiming under them in privity of estate, or of representation, or of title, unless other controlling equities are interposed." Also, "The general principle upon which this doctrine proceeds is, that from the time of the contract for the sale of the land the vendor, as to the land, becomes a trustee for the vendee, and the vendee, as to the purchase-money, a trustee for the vendor, who has a lien upon the land therefor. And every subsequent purchaser from either with notice becomes subject to the same equities as the party would be from whom he purchased. In cases of this sort if the original vendee dies after having sold the lands to a third person who is to pay the purchase-money, his personal representatives are entitled to proceed against such purchaser in equity to indemnify them and to pay the purchase-money. On the other hand if the vendor dies, his personal representatives may enforce the lien for the

purchase-money against the land in the possession of
the purchaser.''   [2 Story's Eq. Juris. (13 Ed.), secs.
788 and 789.]

The same learned author, in the course of his treat-
ment of this equitable doctrine, says: ''Upon similar
principles if a person has in writing contracted to sell
land and afterwards refuses to perform his contract,
and then sells the land to a purchaser with notice of the
contract, the latter will be compelled to perform the con-
tract of his vendor, for he stands upon the same equity;
and although he is not personally liable on the contract,
yet he will be decreed to convey the land in the same
manner as his vendor.''   [Sec. 784.]

It is thus made clear that the appellant, notwith-
standing the conveyance of the land by Edward Darrell
to the plaintiff, did not lose any of his rights under the
contract; the plaintiff having accepted the conveyance
with notice of the contract of sale on the part of her
grantor, appellant, beyond question, had the right to
compel the plaintiff to specifically perform the contract.
This being true upon sound equitable principles, the
remedy of specific performance must be mutual, and if
plaintiff took said conveyance, burdened with said con-
tract, and could be compelled by appellant to specifically
perform it, on the other hand, she surely by such con-
veyance took the land clothed with the right of the
grantor to compel the purchaser under the contract of
the sale to perform his corresponding duty of paying
the purchase money upon the performance of the con-
tract on her part.

This court has given expression to its views in no
uncertain terms, as to the relative rights of parties in
respect to deeds and contracts for the sale of land.   In
Hagman v. Shaffner, 88 Mo. 24, which was a contro-
versy between persons claiming under the original par-
ties to the contract and deed, the doctrine as announced
by Mr. Story was applied to that case.   It was there
said: ''In general, it may be said that where reforma-

tion and specific performance of deeds and contracts respecting the sale of lands will be decreed by a court of equity between the original parties, similar relief will, in the absence of other intervening and controlling equities, be given in actions between parties claiming under them. The person purchasing lands, with knowledge of a prior contract and agreement on the part of the vendor, is chargeable with all the equities affecting the lands in the hands of the vendor, and in a like manner where a third party claims through and under the vendee in such a contract respecting the sale and conveyance of lands, he may, upon the payment of the purchase-money, or tender thereof, compel the vendor or his heirs at law, or a purchaser with notice, to reform and complete the agreement and convey the title. As has been said, the vendor, as to the land, becomes in equity the trustee of the vendee, and the vendee, in his turn, becomes, in equity, a trustee for the vendor as to the purchase-money.''

The plaintiff in this action, by such conveyance from Edward Darrell, accepted the same burdened with all the equities which appellant was entitled to assert under the contract of sale and on the other hand, by such conveyance, she acquired all the equitable rights possessed by her grantor, and in a court of equity can assert and maintain them.

Entertaining the views as herein expressed, the petition stated a good cause of action, and the judgment should be affirmed, and it is so ordered. All concur.