HOLLY H. TAYLOR, Respondent, v. MASSACHU-SETTS BONDING & INSURANCE CO., Appellant.

**Kansas City Court of Appeals, January 9, 1911.**

**BUILDING CONTRACT: Bond: Husband and Wife: Liens.** If a husband, gratuitously, or for a consideration, undertakes to construct improvements on his wife's property by written agreement with a contractor who gives him a bond with surety to indemnify him against any pecuniary loss he may sustain by reason of the contractor failing to perform, and the contractor suffers mechanics' liens and judgments to be placed against the property, which the husband discharges, the husband has suffered a pecuniary loss and may maintain an action on the bond against the surety.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

AFFIRMED.

*McCune, Harding, Brown & Murphy* and *K. B. Randolph* for appellant.

*Duncan & Utz* and *W. A. Taylor* for respondent.

ELLISON, J.—Defendant is a surety company and, in that capacity, signed a bond for a contractor who had agreed with plaintiff to construct certain repairs on a house owned by plaintiff's wife. There was a trial which resulted in favor of defendant. The trial court afterwards granted a new trial to the plaintiff and defendant has appealed from that order.

It was shown that the house was the property of plaintiff's wife and she was not a party to the contract or bond, and is not a party to this action. She was originally made a party, but was stricken out on defendant's demurrer. At the trial plaintiff offered to prove that there were unpaid bills by the contractor for which liens had been filed against the building by sub-contractors and persons who had furnished material, and these, or some of them, had been put into judgments which plaintiff had paid. Other evidence was offered to show that the contractor had not completed the work. All of this was excluded by the court.

The contract was between plaintiff and the contractor, and the condition of the bond which defendant signed as surety, was in these words: ''Now, therefore, the condition of the foregoing obligation is such that if the said principal (the contractor) shall well and truly indemnify and save harmless the said obligee (the plaintiff) from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of said principal to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law.''

The exclusion of the evidence is sought to be justified by defendant on the ground that the condition of the bond being to indemnify plaintiff for any pecuniary loss, and the liens being against the property of the wife, and the failure to complete the work being a failure to improve the wife's property and not plaintiff's, the latter could not suffer a pecuniary loss, and

therefore the condition of the bond had not been broken.

We conclude that these do not justify the ruling and that the trial court was right in granting a new trial. So far as the record shows plaintiff may have been paid a valuable consideration to have the improvements made on his wife's property, and his failure to have it done, or his allowing it to be taken from her by lien judgments, would violate his undertaking and cause damage which he should make good to her. If he is compelled to protect himself by paying off the liens, why does he not suffer "a pecuniary loss."

So we could well suppose a case where the husband would say this to his wife: "If you will let me, I will construct certain improvements on your property at my own expense," and she consenting, he sets about it and agrees with a contractor, who fails to perform and allows liens and judgments to be placed against the property. Is not the husband then legally obliged to protect the property? And in doing so will he not suffer "a pecuniary loss?" The evidence showed that not only was the contract made by him and in his name and the bond given to him, but that *he* paid the liens, judgments, etc. Therefore the loss was his. We do not see that the mere fact that he was not the owner of the property and had not the title to it, could, conclusively, show that he had not suffered the loss provided for in the bond.

Much of the argument of the case in this court has been upon the idea that if plaintiff signed the contract as his wife's agent, though it and the bond were taken in his name, he would be a trustee of an express trust and could maintain the action in his own name. [Simons v. Wittman, 113 Mo. App. 357; Ellis v. Harrison, 104 Mo. 270; Snider v. Express Co., 77 Mo. 523; Randolph v. Wheeler, 182 Mo. 145; Kelley v. Thuey, 143 Mo. 422.]

In answer to this defendant insists that it is a surety and its obligation must be judged by the law which protects a surety from anything beyond the strict letter of his contract, and that if this loss be considered the pecuniary loss of plaintiff's wife, occasioned by the contract made by plaintiff as her agent, then there was no agreement by it to pay such loss to the wife. In reply to this, plaintiff contends that, being a trustee for his wife, then, in a legal sense, he suffered a pecuniary loss in the transaction to which his trusteeship applied and that such loss is covered by the bond.

It seems to us that the record does not afford ground for these arguments, and we need not express an opinion thereon. Plaintiff testified that he paid the liens and judgments and that he made the contract. It is true that plaintiff, in one part of his testimony, stated that he signed the contract for his wife as well as for himself, but that does not destroy his own part in it as that of a principal.

We conclude that the trial court did not err in granting the new trial, and the judgment will be affirmed. All concur.