Mayhew v. Black.

---

## MARTHA S. MAYHEW, Respondent, v. HOMER BLACK, Appellant.

### In the Springfield Court of Appeals, February 27, 1924.

1. **HUSBAND AND WIFE: Statute Held not to Prevent Wife from Suing as Undisclosed Principal upon Contract Made by Husband.** Revised Statutes 1919, sec. 2169, providing that contracts of a husband concerning his wife's property are void, unless the authority to the husband is in writing, is intended to give protection to the wife with reference to her property, which the husband has undertaken to reduce to his own possession, and does not prevent the wife as an undisclosed principal from suing on a contract entered into by her husband as agent.

2. **EVIDENCE: Evidence Showing Relation of Undisclosed Principal Does not Conflict with Parol Evidence Rule.** Parol evidence showing the relation of an undisclosed principal does not conflict with the rule that written contracts cannot be altered or changed by oral evidence.

Appeal from the Circuit Court of Jasper County.—*Hon. S. W. Bates,* Judge.

AFFIRMED.

*T. D. Steele* for appellant.

The contract of lease made by D. S. Mayhew, leasing his wife's land, was void because he had no written authority from his wife to make the lease and was in the face of the Statute of Frauds. O'Rilley v. Kluender, 193 Mo. 582.

*J. E. Sater* and *D. S. Mayhew* for respondent.

(1)   There is nothing before the appellate court for review, because the abstract of appellant does not show in any way that the motion for new trial was overruled by the court, nor an exception saved to the ruling of the court thereon.   State v. Woods, 135 Mo. App. 652. (2)   An undisclosed principal may sue upon a contract made with the agent and in the agent's name.   Grant v. White, 42 Mo. 290; Kelly v. Thuey, 143 Mo. 422; Forgey v. Gilbirds, 262 Mo. 67.   (3)   Where a contract is executed in the name of an agent, the principal may be shown by parol evidence, and the establishing this fact by parol does not violate the rule against varying the terms of a written contract by parol, and does not conflict with the statute of frauds.   U. S. Wood Co. v. Granite Co., 245 S. W. 349.   (4)   The main contention of defendant is that plaintiff cannot maintain this suit for the reason that the contract is made in the name of her husband.   Section 2169, Revised Statutes 1919, does not apply to this case.   The statute is made for the protection of the plaintiff in this suit and not for the protection of defendant, who moved into the premises and enjoyed the use of same.   (5)   Defendant is in no position to raise the Statute of Frauds because it is not pleaded as a defense.   Bless v. Jenkins, 129 Mo. 56.   The defendant having gone into possession and enjoyed the use, cannot use the statute as a shield.   (6)   The husband is a competent witness to prove he is the agent of his wife.   Jeoffords v. Driesbach, 168 Mo. App. 586; Leete v. State Bank, 115 Mo. 184,

FARRINGTON, J.—This is a suit begun in a justice of the peace court for $200 alleged to be due under the terms of a contract of lease entered into between the defendant on the one part and D. S. Mayhew on the other part. The plaintiff alleges that D. S. Mayhew was her agent in making the lease. The answer sets up the defense that the plaintiff entered into a contract with D. S. Mayhew, the husband of plaintiff, and further that D. S. Mayhew agreed under the terms of the lease to make certain improvements to the fences and improvements on the place and that he had failed in this respect. Defendant claims damage to his stock by virtue of the alleged failure. The cause was tried by the court sitting as a jury and a judgment was rendered for plaintiff, from which defendant appeals.

The two points briefed by appellant are, first, that the contract having been made with D. S. Mayhew and in his name, the husband of the plaintiff, the plaintiff is forbidden to bring suit on it because under section 2169, Revised Statutes 1919, the contracts of a husband concerning the wife's property are void unless the authority is given to the husband in writing. Cases are cited holding that void contracts cannot be enforced. The appellant has misconceived the purpose of this statute. It is one giving the right and protection to a wife with reference to her property which the husband has undertaken to reduce to his own possessions. It in no wise changes the rule that an undisclosed principal can sue on a contract entered into by his agent. [See Kelly v. Thuey, 134 Mo. 422, 45 S. W. 300; Randolph v. Wheeler, 182 Mo. 145, 81 S. W. 419; Forgey v. Gilbirds, 262 Mo. 44, 170 S. W. 1135.] Parol evidence showing the relation of such agency does not conflict with the rule that written contracts cannot be altered or changed by oral evidence. [U. S. Wood Preserving Co. v. Granite Bit. Paving Co., 245 S. W. 349.] There was no plea of the Statute of Frauds hence reliance can be placed on it.

The court gave all of defendant's declarations of law on the issue concerning the improvements to be made

provided for in the contract and found the issues for the plaintiff, which settles that issue so far as the appeal goes. Finding no error in the record, the judgment is affirmed. *Cox, P. J.*, and *Bradley, J.*, concur.