BENJAMIN F. KING *vs.* NICHOLS & SHEPARD CO.

| 53 | 453. |
| 60 | 232 |
| 53 | 453 |
| 08 | 351 |

Submitted on briefs May 25, 1893.   Affirmed June 8, 1893.

**Practice if Complaint is Indefinite or Uncertain.**

In an action on a contract to put a machine in good condition, the objection that the complaint does not state specifically the particulars in which it was defective ought to be made by motion to require the complaint to be made more definite and certain.

**Verdict Sustained by the Evidence.**

Evidence *held* sufficient to sustain the verdict.

**When Objection to Evidence should be Specific.**

Rule that, when an objection to evidence offered is of such a character that other evidence may remove it the objection must be specifically stated when the evidence is offered, applied.

**Damages Sufficiently Stated.**

In such an action as above, an allegation that plaintiff will be obliged to expend a specified sum to put the machine in good condition is equivalent to an allegation that the reasonably necessary cost will be such sum.

Appeal by defendant, Nichols & Shepard Co., a corporation, from an order of the District Court of Mower County, *John Q. Farmer*, J., made July 18, 1892, denying its motion for a new trial.

On September 20, 1890, at Dexter, Minnesota, the defendant sold to the plaintiff, Benjamin F. King, a second-hand portable steam engine and separator for threshing and cleaning grain for $1,212, and warranted them to be well made and in good repair and condition. Plaintiff had not seen the engine or separator when he bought them. They were afterwards shipped to him, but were found to be out of repair and defective in several particulars, and plaintiff refused to accept or pay for the property. To induce him to do so, defendant, by its agents, then agreed with plaintiff to put the machinery in good repair and condition. It failed to do this, and plaintiff brought this action to recover damages for breach of this agreement. He alleged that he would be obliged to expend $500 to put the same in repair and good condition, and that he had been damaged that amount by defendant's failure to perform this agreement, and prayed judgment for that sum. The issues were tried

March 28, 1892, and plaintiff had a verdict for $250. Defendant moved for a new trial; and being denied, it appeals.

*George W. Somerville*, for appellant.

There is no breach of warranty involved. The complaint alleges that plaintiff refused to receive the machine for the reason that it did not comply with the warranty. That, of course, was the end of that contract. A new contract was then entered into by which de- fendant agreed to place the machine in good repair and condition. The value of such repairs constitutes plaintiff's cause of action. But the complaint nowhere alleges the market value of such repairs, and in this we think it defective. It is true that the complaint alleges that the machine is worth $500 less by reason of its being out of re- pair than it would be if in good repair and condition. This allega- tion of the difference in value of the machine cannot take the place of an allegation as to the fair market value of the repairs. *Esterly Harvesting Mach. Co.* v. *Frolkey*, 34 Neb. 110; *D. M. Osborne & Co.* v. *Huntington*, 37 Minn. 275.

The complaint is insufficient for the reason that it does not show wherein said machine was defective and out of repair, nor wherein defendant failed to perform its part of said agreement. *Aultman, Miller & Co.* v. *Seichting*, 126 Ind. 137.

It may be admitted that an agent who has power to sell, has power to warrant, but it does not follow that he has power to make the contract in question.. This rule applies, as we understand it, only to the sale of such articles as are usually sold with warranties, and therefore would not apply to a second-hand machine. *McCormick* v. *Kelly*, 28 Minn. 135.

*French & Wright*, for respondent.

A witness stated that the machine, in its then condition, was worth $500 less than it would have been if in the condition the de- fendant agreed to place it. This is equivalent to showing what would be the cost of repairs.

If the complaint was not sufficiently certain and definite, the de- fendant's remedy was a motion to have it made more certain and definite, and not by objection at the trial. *Rathburn* v. *Burlington*

& M. R. Co., 16 Neb. 441; Redmon v. Phœnix Fire Ins. Co., 51 Wis. 292.

The agent should be deemed to have been empowered to make the contract. Boynton Furnace Co. v. Clark, 42 Minn. 335; Deering v. Thom, 29 Minn. 120; Oster v. Mickley, 35 Minn. 245.

GILFILLAN, C. J. The complaint is good. It alleges a contract to put the machine in good repair and condition; a failure to do so; that it was broken in several parts, defective, and out of repair; and what it would cost to put it in the repair and condition which defendant had agreed to put it in. If the defects in the condition of it were not alleged specifically enough to enable defendant to prepare to try the issue, its proper course was by motion to require the complaint to be made more definite and certain in those particulars. The assignments of error and the objections to evidence, based on the assumed insufficiency of the complaint, have, therefore, no foundation.

The evidence was sufficient to justify the jury in finding that the agent who sold the machine had authority to make the contract sued on; that the machine was out of repair; and from the evidence they might have found that it would have cost $406 to put it in good repair and condition. Their verdict was for $250.

The objection now made to some of the evidence as to the condition of the machine, that the times referred to by the witnesses were too remote from the time of the contract, was not specifically taken at the trial. The rule which this court has always followed,—certainly since Gilbert v. Thompson, 14 Minn. 544, (Gil. 414,)—is that, where the real objection to evidence is of such a character that, if specifically pointed out when the evidence is offered, the party offering it may remove the objection by further evidence, the general objection that the evidence is incompetent, immaterial, or irrelevant will not cover it, but it must be specifically stated. Had it been so made in this case, it might have been removed by proof that, when seen by the witnesses, the machine was in the same condition as when delivered to plaintiff

Upon such a contract as this, to wit, to put the machine in good repair and condition, it was not necessary that, in order to recover, plaintiff should himself put it in that condition. As soon as defend-

ant failed to do what it agreed to do plaintiff might recover the reasonably necessary cost of doing it; and the allegation in the complaint that plaintiff will be *obliged* to pay out and expend a specified sum to put the machine in the condition that defendant agreed to put it in is equivalent to an allegation that the reasonably necessary cost of putting it in such condition was that sum.

We see nothing in any assignment of error not above referred to that requires special mention.    Order affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 55 N. W. Rep. 604.)