CITY OF CHARLES CITY, Appellee, v. EMIL RASMUSSEN et al., Appellants.

No. 39378.

APRIL 2, 1929.

OPINION ON REHEARING SEPTEMBER 22, 1930.

*Pickett, Swisher & Farwell,* for appellants.

*R. W. Zastrow, J. C. Campbell,* and *Thomas A. Beardmore,* for appellee.

ALBERT, J.—In the year 1920, street improvements, consisting of curbing, guttering, and pavement on certain streets in the said city were constructed by the defendant Rasmussen. The work was done under five separate and distinct contracts, each covering work on certain designated streets. The work and improvements were all accepted by the city in the latter part of the year 1920. The contracts for the work are substantially the same in all cases, and the bonds given therewith are also substantially the same. Further reference will be made to both later in the opinion.

At various times during the succeeding years, notices were given to Rasmussen of defects in the improvements, and he repaired the same. Other defects arose later, and he refused to carry out the terms of his contract as to repairs. The city had some repairs made after Rasmussen's refusal to perform, and notified him of other defects which needed repair.

I. One of the errors claimed as a basis for reversal is the alleged prejudicial partisanship of the trial judge. While the court was rather generous in his remarks during the trial of the case, a careful study of the record satisfies us that there was no prejudicial error in his attitude or the conduct of the trial.

II. Complaint is made that in the instructions the court referred to the "Rasmussen contract." Reference was intended thereby to be directed to a contract with Rasmussen and some outside parties to do repair work. If there was any error in this instruction, it was in favor of the defendants, and they cannot complain of this reference to the so-called "Rasmussen contract."

III. Under one of the contracts involved in this case, the

pavement was laid on certain streets which, at the time of the bringing of this action, were claimed to be in need of repair. No repair work had been done on the streets covered by this latter contract, but the jury was allowed to find damages in favor of the city for the cost of repair of said streets, and this damage was fixed at something over $1,400. It is now urged that the city was not entitled to recover for the repair work necessary on these streets, because it had not repaired the same or made any effort to do so, and therefore the action was premature, in so far as this item of damage is concerned.

The question, reduced to its last analysis, is: Was it a condition precedent for the maintenance of such an action that the city must, in the first instance, repair, and thus measure its damages by the cost of such repair? Both sides have discussed this question without citation of authority.

In the case of *National Sur. Co. v. City of Huntsville,* 192 Ala. 82 (68 So. 373), the Alabama court had before it this identical question. The question there involved was the liability of the sureties on a paving contractor's bond, for a breach thereof for a failure to repair certain paving in the streets of the city of Huntsville. The question there raised, as here, was that the city had not made the repairs, and that, until it did so repair, an action could not be maintained; or, in other words, that the actual repairing must be done by the city, as a condition precedent to maintaining the action. It was there held that the doing of the repair by the city was not a ''condition precedent'' to the maintenance of the action for damages on the bond.

In *Wills v. Peace Creek Drainage Dist.,* 4 Fed. (2d Ser.) 519, the Circuit Court of Appeals for the Fifth Circuit had before it a contractor's bond, where the contractor had abandoned the work, and suit was instituted for damages for breach of the contract. The court said:

''We are of the opinion that the plaintiff was not bound, as a condition precedent to recovery by it on the bond, to complete the work which the contractors had agreed to do. The contract secured to the plaintiff the right to have the drainage work done at an agreed cost. The contractors, by abandoning their con-

tract, damaged the plaintiff in the amount represented by the reasonable cost of completing the work, over and above the cost stipulated in the contract. * * * That plaintiff's right to recover is not dependent upon completion of the work which the contractors obligated themselves to do, is well settled. *All-American Oil & Gas Co. v. Connellee*, 3 Fed. (2d Ser.) 107; * * * *Simons v. Wittmann*, 113 Mo. App. 357 (88 S. W. 791) ; *King v. Nichols & Shepard Co.*, 53 Minn. 453 (55 N. W. 604) ; * * * 3 Williston on Contracts (1920 Ed.), Section 1363; 2 Sedgwick on Damages (9th Ed.), Section 643; 3 Sutherland on Damages (4th Ed.), Section 699."

In the case of *Board of Education v. Maryland Cas. Co.*, 27 Fed. (2d Ser.) 20, the Casualty Company gave a bond assuring the performance of Burke Bros. Company, who engaged to erect a building of a certain kind at a named cost for the plaintiff. The court there said:

"Breach of the contract faithfully to perform was likewise a breach of the bond, and on that breach the rights of the plaintiff municipal corporation and the liability of the defendant surety company became fixed. *United States v. U. S. Fidelity Company*, 236 U.S. 512, 524, 35 S. Ct. 298, 59 L. Ed. 696. Failing, because of the breach, to obtain the building contracted for, the plaintiff next had a right to damages. * * * As the contractor failed to perform, its surety may be called upon at once to pay the damages, without waiting for the completion of the building by the owner or another party. Indeed, the building may never be completed; for, unless otherwise provided by the contract, and the owner is not required to complete the work abandoned by the contractor as a condition precedent to recovery on a bond of assurance * * * [citing, among other cases, *Cincinnati & S. R. Co. v. Incorporated Village of Carthage*, 36 Ohio St. 631], yet the surety will be liable for damages occasioned by the breach."

In 3 Sutherland on Damages (4th Ed.) 2600, it is said:

"It is immaterial to the right to recover according to the rule stated, that the defects complained of have not been remedied."

This pronouncement is made on the strength of *Logansport,*

*C. & S. W. R. Co. v. Wray,* 52 Ind. 578; *Eckstrand v. Barth,* 41 Wash. 321.

In *King v. Nichols & Shepard Co.,* 53 Minn. 453 (55 N. W. 604), there was a breach of a contract to put machinery in good repair and condition, and allegations as to what it would cost to put it in good repair and condition. The court said:

"Upon such a contract as this,—to wit, to put the machine in good repair and condition,—it was not necessary that, in order to recover, plaintiff should himself put it in that condition. As soon as defendant failed to do what it agreed to do, plaintiff might recover the reasonably necessary cost of doing it."

In *Newton v. Consolidated Const. Co.,* 184 Mich. 63 (150 N. W. 348), the Supreme Court of Michigan had before it for review a case wherein a contract had existed for the construction of a building at a fixed price. After a partial effort had been made to construct it, it was destroyed by a windstorm, and the contractors refused to proceed further. The property owner brought action against the contractor and the surety company on its bond. He (the property owner) among other things testified that he intended to build at some time. It was held that such testimony was wholly immaterial, and that he need not build as a condition precedent to maintaining his action for damages on the bond.

We must, therefore, conclude that the city is not required to do this repair work before it can maintain an action on the bond. It seems that, where the contract provides for such contingency as arose here, giving the owner the right to complete the work at the contractor's expense, such provision is not compulsory. *United States v. United States Fid. & Guar. Co.,* 236 U. S. 512; *Ramsey v. Perth Amboy Shipbuilding & Eng. Co.,* 72 N. J. Eq. 165 (65 Atl. 461), affirmed in 73 N. J. Eq. 742 (70 Atl. 1101); *Board of Education v. Maryland Cas. Co.,* supra.

IV. The contracts entered into in this case provided, among other things, that:

"The contractor shall and does agree and guarantee that said improvement shall be and remain in first-class condition, true and even surface, * * * free from cracks and breaks or set-

 tlements out of line or grade, or any defects of material or workmanship used in the construction thereof, or in connection therewith at the time of its completion and acceptance by said city, and for the term of five years thereafter, and in case any cracks, breaks, disintegration or any other defects or settlements (as to material or workmanship) shall exist in said curb and gutter and pavement or appear within five years thereafter and in case any cracks, settlements or disintegration of materials used in construction thereof or in connection therewith or any other defects as aforesaid shall appear or exist within five years, the contractor shall forthwith repair the same upon notification of the city, using the same materials as required by these specifications, and in case the contractor shall fail to make such repairs or cause same to be made within fifteen days after said notification, the city may make such repairs or cause the same to be made, and the contractor shall pay for all materials and labor used in or about the construction of said improvement,'' etc.

The court gave an instruction touching this question, the material part of which is as follows:

''It must be proved by the weight or preponderance of the evidence that * * * the condition of said paving on or before October 18th, 1925, was such that it was reasonably necessary for further repairs to be made *in order to put the pavement on said streets in the condition reasonably required by the original contracts for the construction thereof.*''

It will be noticed that this instruction is bottomed on the provisions of the contract above set out, and especially that part of the same which says that ''the contractor shall and does agree and guarantee that said improvement shall be and remain in first-class condition, true and even surface,'' etc. One complaint lodged against the instruction is that it, in effect, amounts to an insurance or warranty that this pavement will be in first-class condition, etc., at the end of five years; and the claim of the appellants is that the bond,—at least the sureties thereon,—is not an insurer or warrantor, but that the duty is to keep in good repair said street improvement for five years. The claim of the

defendants is that they are only liable in case repairs are needed by reason of defective materials or workmanship; that they are not liable for the wear and tear, or for defects in the pavement brought about by any other cause than those arising from defective labor or material. With this latter contention we agree.

The bond in this case is a statutory bond, and the liabilities of the parties to the bond must be measured by the statute, and not by the wording of the bond. The statute governing this matter is Section 6003, Code, 1924, which provides that:

"All contracts * * * shall contain a provision obligating the contractor and his bondsmen from the time of acceptance by the city to keep in good repair such street improvement for not less than four years * * *."

This statute, therefore, measures the liability on this bond. We have said repeatedly that any additions to such bond will be treated as surplusage, and any omission of the provisions of the statute will be read into the bond. *Philip Carey Co. v. Maryland Cas. Co.*, 201 Iowa 1063; *Trainer v. Kossuth County*, 199 Iowa 55; *Zapf v. Ridenour*, 198 Iowa 1006; *Joint Board of Supervisors v. Title Guar. & Sur. Co.*, 198 Iowa 1382; *Schisel v. Marvill*, 198 Iowa 725; *Nebraska Culv. & Mfg. Co. v. Freeman*, 197 Iowa 720; *United States Fid. & Guar. Co. v. Iowa Tel. Co.*, 174 Iowa 476. Our last pronouncement of this rule is found in *Curtis v. Michaelson*, 206 Iowa 111.

We construe this bond, therefore, in the light of the statute, regardless of its terms, as to what the bond shall contain. When such a bond as we hold this to be is construed under the statute, what is the measure of the liability under it?

In the case of *Osburn v. City of Lyons*, 104 Iowa 160, we had this question before us for consideration, and we there said:

"It was not a contract for keeping the improvement in repair for a fixed term of years, but a guaranty of its quality and durability, coupled with an obligation to make the guaranty good."

We there quoted from an Illinois case, where the contract provided that the contractor, without further compensation,

should keep in continuous good repair all pavement laid under the contract for a period of five years; and this was held to be merely a warranty or guaranty for the fitness of the material for the use intended, and that the pavement was properly constructed, and the same was approved.

In the case of *Allen v. City of Davenport*, 107 Iowa 90, we again touch on this question.

In *Diver v. Keokuk Sav. Bank*, 126 Iowa 691, in discussing this question, we said, after referring to the *Osburn* and *Allen* cases as holding that a stipulation requiring the contractor to keep the pavement in repair for a space of one year did not invalidate the contract:

"It was there treated as in the nature of a guaranty or warranty of the quality of work. There are cases holding to a contrary doctrine, but we are satisfied with our rule, and are not inclined to depart from it now. Appellant attempts to distinguish these cases, but, in our judgment, they are not distinguishable. The repairs contemplated were evidently those caused either by defective workmanship or material."

In *City of Ottumwa v. McCarthy Impr. Co.*, 175 Iowa 233, we had a set of facts very similar to the one in the case at bar. We there held that a bond of this character "is merely a guaranty of quality and durability of the improvement * * * [citing Iowa cases above referred to] that he will make good any defects arising from bad materials or improper performance of the work during the stipulated period, and the bond is the security for compliance therewith."

It becomes evident, therefore, that the instruction given by the court was erroneous, because it held the defendants to a greater responsibility than they were required to assume, under the law. In other words, the court should have explained to the jury just what the liability of the defendants was, under this bond, as construed under the statute, in relation to the provisions of the contract hereinbefore set out, and should not have allowed the jury to put their own interpretation thereon.

The appellees concede in argument as follows:

"It is also understood that we do not claim that any injury to the pavement from outside causes other than the ordinary

use or ordinary wear and tear should come within the purview of the contract.''

With this concession, the error of the instruction becomes more apparent; for, under the instruction, the defendants were held responsible for whatever defects may have been in the pavement, regardless of the cause, and were required to respond on their bond. It might be said, in passing, that, under the construction we have put upon bonds of this character, the defendants are not liable for ordinary wear and tear brought about by the use of the street for ordinary purposes. To put this in another way, if this contractor furnished the material and workmanship, and the pavement was laid in all respects as provided for by his contract, then he would not be liable for defects that occurred in the street arising solely from the use of the street for ordinary traffic; and conversely, if the ordinary use of the street resulted in necessary repairs by reason of defective workmanship or material, then defendant would be liable. This matter should have been covered by the instructions.

The court erred, therefore, in giving this instruction.

Some further questions are argued and discussed, but most of them are controlled by what we have already herein said, or are not likely to arise on a retrial of the case.

For the errors pointed out, the decision of the lower court is—*Reversed.*

MORLING, C. J., and EVANS, STEVENS, FAVILLE, DE GRAFF, KINDIG, and WAGNER, JJ., concur.