## INDEMNITY INS. CO. OF NORTH AMERICA v. SOUTH TEXAS LUMBER CO. et al. (No. 9311.)

Court of Civil Appeals of Texas. Galveston. July 2, 1929.

Rehearing Denied July 18, 1929.

Baker, Botts, Parker & Garwood and Y. D. Mathes, all of Houston, for appellant.

Platt, West & Stevenson, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellee lumber company against A. E. Quay and appellant to recover upon an account for construction material sold and delivered to Quay upon the written obligation of appellant that it would pay appellee the purchase price of the material. The trial in the court below without a jury resulted in a judgment in favor of appellee against appellant for the sum of $1,894.15.

Appellee's suit against appellant is based upon contractual obligations in a bond executed by appellant to secure the faithful performance by defendant Quay of a contract executed by him with the city of Houston for the construction of storm sewers for the city. This bond contains the following provision:

"The said contractor and surety on this bond further obligate and bind themselves that they shall promptly make payment to all persons, firms or corporations supplying the contractor and any subcontractor under said contract with labor or material, or both, in the prosecution of said work covered by said contract.

"Now, therefore, if the said contractor and subcontractor under him shall faithfully and strictly perform said contract in all its terms, provisions and stipulations, in accordance with its true meaning and effect, and in accordance with the plans and specifications referred to therein, and if the said contractor and the surety on this bond shall promptly make payments to all persons, firms or corporations supplying the contractor, and all subcontractors under said contract, with labor or material, or both in the prosecution of said work, then this obligation shall become null and void and shall have no further force and effect; otherwise the same is to remain in full force and effect and the said sum shall be payable at Houston, Texas, to the said city of Houston, and all other persons, firms and corporations to whose benefit this bond inures, on demand. It is also understood and agreed that the provisions of this bond shall inure to the benefit of any person, firm or cor-

poration who may furnish to the contractor, or subcontractor under him, labor or material, or both, for the performance of said contract."

In addition to other defenses, the appellant pleaded limitation of one year under article 5162, Revised Statutes of 1925. By supplemental petition, appellee made the following answer to appellant's plea of limitation:

"By way of special answer to paragraph III of said defendant's answer on file herein, this plaintiff says that the one year statute of limitation is not applicable to his cause, for the reason that the bond and obligation sued on herein is not a statutory bond as shown by the terms and various provisions thereof; that by the terms of said bond the said defendant promised and obligated itself to fully indemnify and save harmless this plaintiff from any loss whatsoever on account of the sale of materials and merchandise made by this plaintiff to said defendant A. E. Quay, including reasonable attorney's fees and other expenses, which is not a requirement of the statute. That said bond also contains other provisions, conditions and obligations on the part of each of said defendants, which clearly shows it not to be merely a statutory bond, and therefore the one year statute of limitation which said defendants seek to invoke in this cause is not applicable, but this cause is governed by the law and rules applicable to written contracts and will not be barred until four years from the maturity of the obligation."

The material was furnished the contractor as alleged in the petition, and neither its value nor the amount of the judgment is questioned by appellant. The contract of the defendant Quay with the city of Houston contains this provision:

"The contractor shall furnish a bond satisfactory to the mayor and city council of the city of Houston, for the sum of eight thousand ($8,000.00) dollars conditioned that it will faithfully perform the work in accordance with the terms of this agreement, and will promptly pay all subcontractors, workmen, laborers, mechanics and materialmen, who may furnish labor or material, or both, in the prosecution of such work."

The suit was not brought within one year after appellee's cause of action accrued.

The only propositions presented in appellant's brief as grounds for reversal of the judgment are as follows:

"I. The bond executed by appellant March 21, 1925, was manifestly given in compliance with the requirement of article 5160 of the Statutes, and was obviously intended to secure the statutory liability created in favor of appellee by said article; and appellant's liability thereunder to appellee being fixed by statute, regardless of the terms and provisions of the bond itself, it necessarily follows that the bond was a statutory bond and is to be governed by provisions of the law with reference to actions brought thereunder.

"II. The bond sued upon being obviously one given in compliance with the requirements of the law and being intended to secure the liability given by statute to the appellee, and it being undisputed that this suit was not instituted until nearly two years after the contract with the city of Houston had been performed and finally settled, by the express provisions of article 5162 of the Statutes, appellees' cause of action was barred."

Neither of these propositions can be sustained. The following are the provisions of the statutes cited and relied on by appellant:

"Any person, firm or corporation entering into a formal contract with this state or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work, shall be required, before commencing such work, to execute the usual penal bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the state or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the state or municipality." Article 5160.

"If no suit should be brought by the state or municipality within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the state or municipality that labor or materials for the prosecution of such work has been supplied by him or them, and the payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action for his or their use and benefit, against said contractor and his surety, and to prosecute the same to final judgment and execution." Article 5161.

"When suit is instituted by any creditor on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later." Article 5162.

The bond upon which appellee's suit is based contains many obligations in addition

to those required by the statute. The bond required by the statute is for the protection only of those who furnish material to the contractor for a public work; this bond also protects those who furnish material to subcontractors. The statutory bond only requires the surety to pay in event of default by the contractor; this bond contains a primary obligation on the part of the surety to pay for the material furnished by appellee. This bond also obligates the principal and surety to pay all demands that may become due thereunder at the city of Houston, when no such obligation is imposed by the statutory bond. The bond executed by appellant further provides for the payment of attorney's fees and expenses necessarily incurred in the enforcement of any claim due thereunder, and that separate suits may be brought by any person or persons to whose benefit it inures. Neither of these provisions are required in the statutory bond.

Applying the general rule for the construction of written instruments, which requires that effect to be given to each and all the provisions of the instrument, we think it manifest that in the execution of this bond it was not the intention of its makers to merely comply with the provisions of the statute, but to go further and assume obligations and liabilities in addition to those required by the statute. Such bonds, while not enforceable as statutory bonds, are valid and enforceable as common-law obligations.

In United States v. Hodson, 10 Wall. 395, 19 L. Ed. 937, the surety attempted to evade liability on a bond for the reason that its conditions were more excessive than that embraced in the statute, but the Supreme Court refused to sustain this contention, stating that the record was silent as to coercion or duress, and that the bond was to be considered as a voluntary one and not prohibited by the statute. After reviewing some of the authorities to the effect that the portion not required by statute might be read out of the bond, which the court refers to as the "narrower view," they said:

"But we prefer to place our judgment upon the broader ground marked out by the adjudications of this court, to which we have referred. Everyone is presumed to know the law. Ignorance standing alone can never be the basis of a legal right. If a bond is liable to the objection taken in this case and the parties are dissatisfied, the objection should be made when the bond is presented for execution. If executed under constraint, the constraint will destroy it. But where it is voluntarily entered into and the principal enjoys the benefits which it is intended to secure and a breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such a defense. In such cases there is neither injustice nor hardship in holding that the contract as made is the measure of the rights of the government and of the liability of the obligors."

None of the cases cited by appellant decide the question presented by this record. The case of Globe Indemnity Co. v. Barnes (Tex. Com. App.) 288 S. W. 121, was one in which the plaintiff sought to hold the surety upon a public contractor's bond liable for the purchase price of material furnished the contractor when the obligations of the bond did not so bind the surety. The Supreme Court held in that case that it was manifest that the bond was intended as a compliance with the statute and that the obligations required by the statute would be read into the bond, citing United States Fidelity & Guaranty Co. v. Henderson (Tex. Com. App.) 276 S. W. 203, and Smith v. Fidelity Co. (Tex. Com. App.) 280 S. W. 767.

We think it clear that this case is not authority for the proposition that the provisions of article 5162 of the statute, before set out, must be read into and limit the obligations of every bond by a contractor for public work when the provisions of the bond show that its makers intended to create independent obligations beyond those of the statute.

The other case relied on by appellant is that of Van Zandt v. Desdemona School District (Tex. Civ. App.) 283 S. W. 626. The bond sued on in the Van Zandt Case is a statutory bond, and contains no provisions or obligations except those required by the statute. A suit brought on a bond of this kind was obviously brought under the statute, and the court necessarily held that the limitation prescribed by the statute applied. When the bond given by the contractor shows upon its face that its makers only intended to comply with the statute, the bond is statutory, and no common-law liability can be predicated thereon. As we have before shown, this is not the character of the bond upon which appellee's suit is based.

It seems to us that the limitation of one year fixed by this statute is only applicable to suits brought to enforce a liability created by the statute, and cannot be invoked as a defense to a suit based upon a lawful contract not inhibited by any statute, and which adds to the obligations of the statutory bond required of contractors for public work.

For the reasons cited, we are of opinion that the judgment should be affirmed; and it has been so ordered.

Affirmed.