**CITY OF MARSHALL, Texas, Appellant,**

v.

**AMERICAN GENERAL INSURANCE COMPANY, Appellee.**

No. 8926.

Court of Appeals of Texas, Texarkana.

Sept. 15, 1981.

Jason R. Searcy, Marshall, for appellant.

Don W. Duran, Winston & Duran, Lufkin, for appellee.

CORNELIUS, Chief Justice.

The City of Marshall and the Marshall Industrial Foundation constructed an industrial park in the City of Marshall. The work was performed under construction contracts with Pit Construction Company, Oden Construction Company and James Harper Construction Company. Mr. and Mrs. Clessie Pyle owned land adjoining the construction site, and after completion of the construction, they brought suit against the City for damages to their property allegedly caused by negligent acts on the part of Pit Construction Company. Pit had furnished the City a performance bond as required by Tex.Rev.Civ.Stat.Ann. art. 5160, subd. A(a),[1] which was issued by American General Insurance Company as surety. When the Pyles brought suit, the City filed

---

1. The statute requires the contractor to furnish:

"(a) A Performance Bond in the amount of the contract conditioned upon the faithful performance of the work in accordance with the plans, specifications, and contract documents. Said bond shall be solely for the protection of the State or the governmental authority awarding the contract, as the case may be."

a cross-action against American General, contending that the construction contract obligated Pit to indemnify the City against claims such as that being pressed by the Pyles, and that American General's bond guaranteed the faithful performance of that contractual obligation as well as the completion of the project. The trial court sustained American General's motion for summary judgment and rendered a take nothing judgment in the cross-action. We affirm the judgment.

■ The performance bond required by Article 5160, subd. A(a) is a creature of the statute, and in the absence of other provisions in the bond itself or in other relevant agreements which are sufficient to render the undertaking a common-law bond, its obligations will be tested by and limited to those imposed by the statute. See *Indemnity Ins. Co. v. South Texas Lumber Co.*, 19 S.W.2d 913 (Tex.Civ.App.—Galveston 1929), *affm'd in part, rev'd in part on other grounds*, 29 S.W.2d 1009 (Tex.Com.App. 1930, judgmt. adopted); *Globe Indemnity Co. v. Barnes*, 288 S.W. 121 (Tex.Com.App. 1926, judgmt. adopted); *Van Zandt v. Desdemona Independent School Dist.*, 283 S.W. 626 (Tex.Civ.App.—Eastland 1926, no writ); *Water W., G. & S. Bd., Oneonta v. P. A. Buchanan Cont. Co.*, 294 Ala. 402, 318 So.2d 267 (1975); *Charles City v. Rasmussen*, 210 Iowa 841, 232 N.W. 137 (1930). Those obligations are that the principal will faithfully perform and complete the *work* in accordance with the plans, specifications and contract documents.

American General's bond does not itself contain provisions which would render it a common-law undertaking. It recites that the principal has entered into a contract with the City and then it guarantees that the principal

"... shall faithfully perform said Contract and shall in all respects duly and faithfully observe and perform all and singular the covenants, conditions and agreements in and by said contract agreed and covenanted by the Principal to be observed and performed, and according to the true intent and meaning of

said Contract and the Plans and Specifications hereto annexed, ...".

The bond further provides as follows:

"PROVIDED, HOWEVER, that this bond is executed pursuant to the provisions of (Article 5160 for Public Work) ... of the Revised Civil Statutes of Texas as amended and all liabilities on this bond shall be determined in accordance with the provisions of said Article to the same extent as if it were copied at length herein."

■ American General moved for summary judgment on the ground that the bond, as a limited statutory performance bond, guaranteed only the faithful completion of the construction project. In response to that motion, the City produced no contrary summary judgment evidence showing any contractual provision which would enlarge the bond into a common-law undertaking covering the contractor's agreement of indemnity. In that situation the statutory purpose and coverage of the bond, i. e., for the faithful performance of the *work contracted for*, was the only basis for liability. There was no claim in the cross-action against American General that the City had suffered loss because of the contractor's failure to satisfactorily complete the construction project. The surety's motion then, as far as the summary judgment proof revealed at that time, showed there was no valid claim on the City's part, and was good unless the City came forth with opposing summary judgment proof raising a fact issue as to some other agreement or provision which would convert the bond into a common-law undertaking. *Gulf, Colorado & Sante Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1959); 4 McDonald's, Texas Civil Practice § 17.26.8 at 156 (1971). The City pleaded that its contract with Pit Construction Company contained agreements of indemnity which would cover the Pyles' claim and which would come within the bond's undertaking, and some of those provisions are quoted in the pleadings and in the City's brief. However, those allegations do not constitute summary judgment proof, and

even if they would have the effect of converting the bond into a common-law undertaking, they could not be considered by the trial court in ruling upon American General's motion for summary judgment. *Fulton v. Duhaime*, 525 S.W.2d 62 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Hurley v. Knox*, 244 S.W.2d 557 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.).

For the reasons stated, the court properly rendered summary judgment and that judgment is affirmed.